■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BLAIR, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 20, 1985, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and criminal possession of stolen property in the second degree.

Defendant was indicted, tried before a jury and convicted on the charges noted above for his part in the theft and sale of various consumer electronic devices from a Sears, Roebuck and Company department store in Horseheads, Chemung County. The evidence, viewed in the light most favorable to the prosecution, and the reasonable inferences to be drawn therefrom (see, People v Way, 59 NY2d 361, 365) disclose that defendant pilfered boxes of merchandise from the Sears store on the evening of December 26, 1984 while Pleasie Hughie, Curtis Grant and Rufus Brown waited for him in a car borrowed and operated by defendant. Thereafter, defendant and Hughie traveled about the City of Elmira selling or attempting to sell cassette stereos, videotape cassette recorders (VCRs) and an Atari computer; it was Hughie's testimony that there were already several cassette stereos in the car prior to the larceny at the Sears store.

Local law enforcement officials recovered an Atari computer, a VCR and two cassette stereos, each of which was received in evidence after being identified by various witnesses as items they had purchased at substantial discounts, or received from defendant on or about the night of December 26, 1984. Hughie's testimony respecting the sales of electronic items that were made that night, not necessarily the ones taken from the Sears store earlier that evening, was closely corroborated by those witnesses. All four exhibits were identified by Sears employees as product lines sold by the Horseheads store at the time of the theft. The store manager testified that there was no record of defendant having purchased any of these items at the store and, significantly, that the address on the VCR box clearly identified it as a product that had indeed been in that particular Sears store.

Defendant's primary argument is that the grand larceny charge should have been dismissed at the close of the prosecution's case because the only evidence of the larceny, the testimony of Hughie, an accomplice as a matter of law, was uncorroborated (see, CPL 60.22 [1]). Although Grant also testified and substantially corroborated Hughie's description of the larceny, he was put on the stand by the prosecution only as a rebuttal witness after defendant's motion for a trial order of dismissal of the larceny charge had been denied.

The corroboration requirement is aimed at countering the inherent unreliability of accomplice testimony by requiring evidence of an independent nature tending to connect the defendant to the crime (People v Springer, 127 AD2d 250, 253, lv granted 70 NY2d 657). In this instance, that independent connecting evidence came in the form of testimony from the witness George Aaron to the effect that, several hours after the theft occurred, defendant left a VCR with him for later sale, a VCR which the Horseheads store manager subsequently identified as having come from his store.

Defendant also maintains that the guilty verdict was against the weight of the evidence on both counts; he attacks the credibility of Hughie and Grant because of their prior criminal records, inconsistencies in their testimony, and the fact that Hughie's testimony was concededly given in exchange for the District Attorney's promise not to prosecute him for an unrelated shoplifting offense. However, the jury resolved these credibility questions, as well as the issue of defendant's own credibility, against defendant and we, in our assessment of the evidence (see, People v Bleakley, 69 NY2d 490), find no basis for disturbing that determination.

Judgment affirmed. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.