■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMONA L. DE GROATE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered May 30, 1986, convicting defendant following a nonjury trial of the crime of robbery in the second degree.

After a nonjury trial, defendant was convicted of robbery in the second degree based on her participation in the forcible theft of property from Salvatore Tabbano in the City of Schenectady on October 10, 1985. After denying her request for youthful offender status, County Court sentenced defendant to an indeterminate prison term of 1½ to 4½ years. This appeal ensued.

Defendant principally maintains that the People failed to establish her participation in the crime. The trial evidence shows that Tabbano was accosted by four black women in a parking lot on Albany Street. He managed to escape and reach his nearby apartment on State Street, where he proceeded down an alleyway to the rear of the premises. The assailants pursued and again assaulted and robbed Tabbano, this time taking his watch and some currency. The landlord was unable to identify three women he observed. The People produced a witness, Nancy Near, who saw the altercation in the parking lot and telephoned the police after watching three assailants chase Tabbano into the alleyway. The responding officer, Ray Edwardsen, testified that he arrived within a minute of the report and observed defendant and her codefendant, Latonja Landy, standing and shouting in the alleyway. Although they twice attempted to run away, Edwardsen was able to apprehend defendant and take her to the station house in a police car. Tabbano's watch was later found in the car where defendant had been seated. Finally, Landy testified that defendant took Tabbano's watch and searched his pockets for money. In her defense, defendant acknowledged her presence but denied any participation in the attack on Tabbano, explaining that Landy gave her the watch to hold. A companion confirmed that defendant was present, but not involved.

As the foregoing illustrates, this case centers not on defendant's presence, but on her actual participation in the robbery. Defendant emphasizes that Tabbano's in-court identification was tainted and that the People failed to identify her as one of the assailants. Tabbano acknowledged that his identification was based on "pictures of these girls" he saw at the police station, and not on the actual encounter. Although the nature of the photo presentation was not explored, it is evident Tabbano did not have a sufficient independent basis to identify defendant which predated the suggestive identification procedure (see, People v Gaddy, 115 AD2d 658, 659). Defendant, however, neither moved for a Wade hearing (see, CPL 710.40)[1] nor to strike Tabbano's identification testimony, and thus failed to preserve this issue for review (see, People v Gustafson, 110 AD2d 1055, 1056).

Even discounting Tabbano's identification of defendant, the remaining evidence, viewed in a light most favorable to the prosecution, provided sufficient evidence of defendant's guilt. Landy, who was an accomplice as a matter of law,[2] expressly implicated defendant in the robbery. The record further contains ample corroborative evidence connecting defendant with the crime (see, CPL 60.22 [1]; People v Konigsberg, 137 AD2d 142; People v Springer, 127 AD2d 250, 253-254, affd 71 NY2d 997). Near observed the encounter in the parking lot and the pursuit into the alleyway. Tabbano's landlord found him in a dishevelled condition and saw the women flee. Edwardsen saw defendant with Landy in the alleyway. Both women fled at the sight of the police. The fact that Tabbano's watch was located in the patrol car strongly evidenced defendant's guilt (see, People v Baskerville, 60 NY2d 374, 382-383; People v Reed, 140 AD2d 881). Taken together, these factors were sufficient to connect defendant to the commission of the robbery and corroborate Landy's testimony to the satisfaction of County Court (see, People v Konigsberg, supra, at 146). Defendant's explanation that she held the watch at Landy's request and was otherwise not involved simply presented a credibility

1. The People provided a proper notice of intent to offer this identification testimony (see, CPL 710.30 [1]), but there is no indication that any pretrial motion to suppress was made.

2. Despite Landy's trial testimony denying her participation in the Tabbano incident, the fact remains that she was convicted of robbery in the second degree for her efforts. We further note that while she received a six-month sentence, together with probation, in exchange for her guilty plea, she denied that her present testimony was part of the plea agreement (cf., People v Blair, 137 AD2d 887).

matter for County Court to assess. Despite certain inconsistencies in Landy's and Tabbano's testimony, we also find the court's determination consistent with the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We further reject defendant's assertion that she was denied the effective assistance of counsel. This claim is premised on counsel's failure to challenge Tabbano's in-court identification after Tabbano confirmed that his ability to identify defendant emanated from the photo display. While a motion to suppress was certainly in order, counsel's oversight does not, ipso facto, establish that the representation accorded defendant was constitutionally deficient *(see, People v Montana,* 71 NY2d 705; *People v Strempack,* 134 AD2d 799, *affd* 71 NY2d 1015; *People v Jackson,* 110 AD2d 853). In this nonjury trial, County Court was clearly cognizant of the tainted identification procedure. Moreover, counsel moved to dismiss the charges on the premise that Tabbano lacked an independent basis to identify defendant. The record otherwise confirms that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137).

Finally, given the nature of the offense and defendant's background, we do not feel that County Court abused its discretion in refusing to grant youthful offender status to defendant, who was 16 years old at the time of the present offense, or that the sentence was otherwise excessive (CPL 720.20; *see, People v Pearson,* 133 AD2d 951; *People v Cruickshank,* 105 AD2d 325, 333-335, *affd* 67 NY2d 625).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.

