■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY STEPHENS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction of third degree robbery, defendant contends that identification testimony was improperly admitted because it was the result of an unduly suggestive showup. Since defense counsel failed to challenge the showup in her omnibus motion and specifically agreed that there was no *Wade* issue, the issue has not been preserved for appellate review (CPL 470.05 [2]) and we decline to reach it in the interest of justice. In any event, the showup does not appear to be suggestive inasmuch as the victim called the attention of police to defendant, not the reverse. The verdict is supported by the evidence and is not contrary to the weight of the evidence. The victim testified unequivocally that defendant forcibly stole his bicycle by grabbing it, punching him in the neck and jaw, and knocking him to the ground. In opposition to that testimony was the testimony of defendant, her sister and her friend, all of whose

testimony was not only contradictory to each other but inconsistent with prior statements to the police. Thus, under the standards for both sufficiency and weight *(see, People v Bleakley,* 69 NY2d 490, 495), the evidence amply supports the verdict. (Appeal from judgment of Erie County Court, Forma, J.—robbery, third degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.