■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PRIOLA, Appellant. [648 NYS2d 350] —Appeal by the defendant (1) from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered June 26, 1991, convicting him of robbery in the first degree and attempted robbery in the first degree, after a nonjury trial, and imposing sentence, and (2) by permission, from an order of the same court, dated March 21, 1995, which denied his motion pursuant to CPL 440.20 to set aside the sentence.

Ordered that the judgment and order are affirmed.

The defendant's claim that the evidence was legally insufficient is unpreserved for appellate review because his motion for a trial order of dismissal was not specific (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v McGee,* 204 AD2d 353). In addition, by failing to make a motion to suppress identification testimony, the defendant has failed to preserve his contention that a showup identification was unduly suggestive (*see,* CPL 470.05 [2]; *People v Stephens,* 151 AD2d 974; *People v De Groate,* 142 AD2d 786; *People v White,* 137 AD2d 859).

There is no merit to the defendant's argument that his prior New Jersey youthful offender conviction could not be considered a predicate felony in New York. Since the State of New Jersey treats youthful offender convictions in a "significantly different fashion than does New York because it allows youthful offender convictions to serve as the predicate offense in an enhanced sentencing scheme", the defendant was properly sentenced as a second felony offender (*People v Kuey,* 83 NY2d 278, 285).

The defendant's sentence was not excessive.

We have considered the defendant's remaining contentions

and find them to be without merit. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.