THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered October 16, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress inculpatory statements.

Ordered that the judgment is affirmed.

The defendant contends that the police acted on inherently unreliable or suspect information in effectuating his arrest, and that, therefore, his statements should have been suppressed as the fruit of an arrest premised on less than probable cause. We find this contention to be without merit. The police obtained the information on which they relied in a face-to-face interview (see, People v Crosby, 91 AD2d 20, 28) with an identified individual who resided in the apartment where the killing occurred and who related what he observed during its commission (cf., People v Hicks, 38 NY2d 90; People v Moore, 32 NY2d 67, cert denied 414 US 1011). The information so obtained was at least circumstantially reliable (see, People v Marin, 91 AD2d 616, 617) and here provided a sufficient predicate for the defendant's arrest.

Evidence of the defendant's prior threat, his inculpatory statements, and the evidence that the victim died of asphyxia by strangulation and a stab wound inflicted with great force established that the defendant intended to cause death. We are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, we do not find the sentence to be either harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.