■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ALLEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered February 13, 1986, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 6, 1985, at approximately 4:00 P.M., the complaining witness, John Elmore, was robbed by the defendant, at gunpoint, in the vicinity of West Columbia and North Franklin Streets in Hempstead, New York. The complainant knew the defendant, who was the brother of an acquaintance. When the police arrived at the scene the complainant provided them with a description of the clothing worn by the defendant as well as the defendant's surname. The police and the victim proceeded to drive around the Hempstead area in search of the defendant. While en route to the police precinct, the defendant was spotted near a bus terminal. The police approached and then arrested the defendant after he identified himself.

The defendant contends that his arrest was not predicated upon probable cause but emanated from an unduly suggestive identification procedure. We find no merit to this contention. Rather, the record reveals that the police did not seek to

establish the defendant's identity by means of any identification procedure since the victim already knew the defendant. Thus, the defendant's identity was not at issue *(see, People v Gissendanner,* 48 NY2d 543). In any event, even if we were to find that an identification procedure was involved, it was not unduly suggestive. We further find that the defendant's arrest was predicated upon probable cause, in light of the totality of the information possessed by the police, including the defendant's name, a description of his clothing and the location of his arrest as well as the fact that the victim had informed the police that the defendant was the perpetrator *(People v Hicks,* 68 NY2d 234; *People v De Bour,* 40 NY2d 210; *People v Ortiz,* 143 AD2d 850).

Similarly unavailing is the defendant's contention that he was deprived of effective assistance of trial counsel *(see, People v Baldi,* 54 NY2d 137). Brown, J. P., Lawrence, Eiber and Kooper, JJ. concur.