■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PADEN, Appellant.—

The defendant and his codefendant Jerome Handy were

charged with various crimes arising from a robbery of a jewelry store.

We find that the hearing court properly refused to suppress the identification testimony of certain witnesses. Contrary to the defendant's contention, he was not prejudiced by the failure of the police to preserve the photographs shown to the two store employees since the object was to see if they could identify the codefendant and, in fact, the photo array did not contain the defendant's photograph (see, People v Hernandez, 122 AD2d 856). The defendant was also not entitled to notice of this identification procedure since it pertained to the codefendant Handy (see, Wong Sun v United States, 371 US 471, 492). With respect to the second photo array viewed by only one of the store employees, the defendant was not entitled to notice of it, since the employee did not make any identification (see, CPL 710.30 [1]; People v Monroig, 111 AD2d 935). To the extent that the employee's failure to identify the defendant's photograph constituted Brady material, the People promptly made that information available to defense counsel, who used it effectively on cross-examination of that employee during trial (see, People v Jemmott, 144 AD2d 694). We note that the identification of the defendant by the owner of the jewelry store, and the two store employees had an independent source. All the witnesses observed the defendant under well-lit conditions for approximately five minutes (see, People v Owens, 74 NY2d 677; People v Thomas, 51 NY2d 466).

In addition, we find no merit to the defendant's claim that his statements to law enforcement officials should have been suppressed because they were the fruits of an illegal arrest. The defendant's arrest resulted from information related by an identified informant, based on his personal observations, which corroborated information previously obtained by another detective from a confidential informant, which was recorded in a complaint follow-up report in the case file, and on which the arresting detective had a right to rely (see, Whiteley v Warden, 401 US 560; People v Jennings, 54 NY2d 518; People v Williams, 133 AD2d 789; People v Green, 103 AD2d 362). Therefore, the police had probable cause to arrest the defendant (see, People v Bigelow, 66 NY2d 417; People v Rodriguez, 52 NY2d 483). In any event, after his arrest, but prior to questioning, the police obtained additional information from the defendant's girlfriend and another female acquaintance, which independently supported a finding of probable cause to arrest the defendant. These intervening events attenuated any taint arising from the initial detention, and

rendered the defendant's written and video tape statements admissible *(see, Brown v Illinois,* 422 US 590; *People v Medina,* 107 AD2d 302, 308).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.