■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HODGE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 25, 1989, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On December 17, 1987, an assault occurred in Brooklyn. The assault victim told the police that men named "Butch", later identified as Edward Tucker, and "Mike" were involved. The assault victim gave a description of Mike which closely matched the defendant's actual age, height, and weight, and noted his distinctive skin color and mustache. The assault victim further gave the police an address where Butch could be located. When the police went to that address, they found and arrested both Butch and the defendant Michael Hodge for the assault. Approximately three hours later, the defendant was identified by an eyewitness to the assault as one of the perpetrators of that crime.

The police also were investigating a murder which occurred in Brooklyn on December 17, 1987, and which forms the basis for the instant prosecution. An eyewitness to the murder told

the police that an unknown individual and a man named Butch were involved in the murder. The police questioned the defendant in connection with the murder investigation and some nine hours after he had been identified by the eyewitness to the assault, the defendant confessed to the murder.

Contrary to the defendant's contentions, we find that, in light of the totality of the information possessed by the police, his arrest for the assault was predicated upon probable cause *(cf., People v Hicks,* 68 NY2d 234; *see, People v Allen,* 146 AD2d 581). Even if we were to agree with the defendant that his arrest on the assault charge was not supported by probable cause, his identification by the eyewitness to the assault and the delay of nine hours between that identification and his confession to the murder attenuated any taint arising from the initial arrest and accordingly suppression of his confession to the murder was properly denied *(see, People v Paden,* 158 AD2d 554).

We have considered the defendant's remaining contentions and find them to be without merit. Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.