■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RODRIGUEZ, Appellant. [597 NYS2d 108] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered October 27, 1987, convicting him of burglary in the first degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court (Aiello, J.), dated December 9, 1988, which denied his motion to vacate the judgment. The appeal from the judgment brings up for review the denial, after a hearing (Deeley, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the order are affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of the complainants' identification testimony. It is clear that the police had obtained probable cause to detain the defendant on the instant burglary and robbery charges and to place him in a lineup. Not only did the defendant match the description given of the perpetrator by the complainants, but he also fit the very detailed description given to the police in two anonymous calls providing information about a person committing robberies in the subject area. Under these circumstances, the hearing court properly concluded that the lineup identification was not the product of an illegal arrest *(see, People v Hodge,* 184 AD2d 730; *People v O'Brien,* 178 AD2d 617; *People v Paden,* 158 AD2d 554; *People v Johnson,* 102 AD2d 616; *People v Johnson,* 75 AD2d 715).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Despite the fact that the defendant wore a hat covering his hair and a scarf covering the lower part of his nose and mouth, both complainants observed his eyes, eyebrows, and facial features for several minutes under good lighting conditions from distances ranging from one foot to several inches. In addition, the two complainants heard his voice, viewed his body structure, and positively identified him

in separate lineups. Given the facts of this case, a rational trier of fact could have found that the People proved the defendant's identity as the perpetrator beyond a reasonable doubt *(cf., People v Coico,* 156 AD2d 578; *People v Liner,* 178 AD2d 178). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's right to be present during a critical stage of a trial was not violated when, in his absence, the court turned over the previously admitted exhibits to the jury pursuant to their request for "all evidence" *(see, People v Murphy,* 176 AD2d 899; *cf., People v Harris,* 76 NY2d 810; *People v Ciaccio,* 47 NY2d 431; *People v Mullen,* 44 NY2d 1). In addition, we also find that the defendant was not deprived of the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Lane,* 60 NY2d 748, 750; *People v Cuesta,* 177 AD2d 639).

The defendant's remaining contentions are either unpreserved for appellate review or without merit *(see, People v Wiley,* 137 AD2d 735; *People v Rodriguez,* 124 AD2d 611; *People v Miller,* 183 AD2d 790). Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.