■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HERCULES, Appellant. [645 NYS2d 58] —Appeal by the de-

fendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered July 22, 1994, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Seybert, J., at hearing; DeRiggi, J., on reargument), of that branch of the defendant's omnibus motion which was to suppress certain statements made by the defendant to law enforcement authorities.

Ordered that the judgment is affirmed.

Assuming, arguendo, as found by Judge DeRiggi on reargument, that the initial stop of the defendant after he exited the front door of the complainant's house was unlawful, any taint attributable to that encounter was attenuated when the complainant immediately came out of the house and informed the police that she did not know the defendant and that she did not know why he was in her house (*see, People v Paden*, 158 AD2d 554, 555). The complainant's statement provided probable cause for the defendant's arrest.

Further, the trial court's *Sandoval* ruling was not an improvident exercise of discretion (*see, People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292; *People v McClam*, 225 AD2d 799). Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.