■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOHAN LALL, Appellant. [740 NYS2d 639] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered December 21, 1999, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOHAN LALL, Appellant. [740 NYS2d 639] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered December 21, 1999, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his *Batson* challenge (*see Batson v Kentucky,* 476 US 79). The prosecutor advanced sufficient race-neutral reasons for exercising a peremptory challenge against the subject juror, and the burden then shifted to the defendant to prove that the peremptory challenge was used in a racially-discriminatory fashion (*see People v Payne,* 88 NY2d 172). The defendant failed to satisfy his burden of proving that the explanations given by the prosecutor were pretextual (*see People v Payne, supra; People v Rose,* 258 AD2d 483; *People v Craig,* 194 AD2d 687; *see generally Hernandez v New York,* 500 US 352, 364-365).

The defendant's remaining contentions lack merit. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.