■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL DOYLE, Appellant. [743 NYS2d 746] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered April 14, 2000, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the third degree, and unlawful imprisonment in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rotker, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his *Batson* challenge (*see Batson v Kentucky,* 476 US 79) to the prosecutor's peremptory challenge of a black prospective juror. The prosecutor offered sufficient race neutral reasons for her decision to exercise a peremptory challenge against the subject juror (*see People v Allen,* 86 NY2d 101; *People v Phillip,* 279 AD2d 537; *People v Bodine,* 283 AD2d 979; *People v McCargo,* 226 AD2d 480). The burden then shifted to the defendant to prove that the peremptory challenge was used in a racially discriminatory manner (*see People v Payne,* 88 NY2d 172; *People v Lall,* 293 AD2d 689; *People v White,* 289 AD2d 270). The defendant failed to sustain this

burden by demonstrating that the explanations given by the prosecutor were pretextual (*see People v Payne, supra*; *People v Lall, supra*; *People v Coleman,* 287 AD2d 648, *lv denied* 97 NY2d 728; *People v McCargo, supra*).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the signed statement he gave to police. Although the hearing court found that the arrest of the defendant was not supported by probable cause, the statement was made approximately 12 hours after the defendant's arrest, after *Miranda* warnings were given to him twice (*see Miranda v Arizona,* 384 US 436), and after a separately arrested accomplice had implicated him in the robbery. Under these circumstances, the hearing court properly found that the defendant's statement was sufficiently attenuated from the taint of the illegal arrest to be admissible (*see People v McCloud,* 247 AD2d 409; *People v Hodge,* 184 AD2d 730; *People v Green,* 182 AD2d 704; *People v Jones,* 151 AD2d 695; *People v Williams,* 115 AD2d 627).

The defendant's remaining contentions are without merit. Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.