■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELEVTEIO RAMIREZ, Appellant. [755 NYS2d 308] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 22, 1999, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated June 17, 2002 (*People v Ramirez,* 295 AD2d 542 [2002]), the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of the two remaining peremptory challenges against black potential jurors. No other issues were decided at that time. The Supreme Court, Queens County, has filed its report.

Ordered that the judgment is affirmed.

The defendant now challenges the reasons offered by the prosecutor for using a peremptory challenge against only one juror. Contrary to the defendant's contention, the trial court properly determined that the reasons offered by the prosecutor

were not pretextual. The prosecutor proffered race-neutral reasons for exercising a peremptory challenge against the prospective juror, and the burden then shifted to the defendant to prove that the peremptory challenge was used in a racially-discriminatory manner (*see People v Payne,* 88 NY2d 172 [1996]). The defendant failed to satisfy his burden of proving that the explanations given by the prosecutor were pretextual (*see People v Payne, supra; People v Doyle,* 295 AD2d 446 [2002], *lv denied* 98 NY2d 730 [2002]).

The defendant contends that the People did not prove beyond a reasonable doubt that he entered the complainant's house with the intent to commit a crime. Viewing the evidence in the light most favorable to the prosecutor (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v McCrea,* 194 AD2d 742 [1993]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.