■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN C. CUN-NINGHAM, Appellant. — Appeal from a judgment of the County Court of Chemung County (Kepner, Jr., J.), rendered June 8, 1981, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. The sole argument pressed on appeal relates to whether certain oral admissions defendant made while at the police station were improperly introduced at his trial. He contends that under *Dunaway v State of New York* (442 US 200) his Fourth and Fourteenth Amendment rights were violated when the police, without probable cause for arrest and without his consent, took him into custody, transported him to the station, and there, after *Miranda* warnings were given, elicited the incriminating statements. A necessary predicate to the court's holding in *Dunaway* was its conclusion that the defendant had been seized within the meaning of the Fourth Amendment because he had been compelled to go to the police station involuntarily (442 US 200, 207, n 6; see, also, 221-222 [Rehnquist, J., dissenting]); absent this showing, *Dunaway* is inapplicable (see *United States v Post,* 607 F2d 847, 850-851). In the case before us, defendant failed to demonstrate at the suppression hearing that he had been "seized" against his will. Apart from the fact that both officers testified that they simply requested defendant to accompany them to the station and that he did, no evidence was even offered on the seizure issue, hence the court never confronted it or made any factual finding with respect thereto. Moreover, it is not without considerable significance that the People have had no evidentiary opportunity to counter defendant's assertion, advanced for the first time on this appeal, that the officers utilized a show of force to compel his consent (see *People v Tutt,* 38 NY2d 1011). Having failed, at the suppression hearing, to preserve the error for which he now seeks to obtain a reversal, an affirmance, on this narrow ground, is required (*People v Tutt, supra*). Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.