■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MATOS, Appellant. — Judgment of the Supreme Court, New York County (Greenfield, J.), rendered on July 1, 1980, convicting the defendant, after a jury trial, of two counts of murder in the second degree and sentencing him to concurrent sentences of 20 years to life and 25 years to life, is unanimously affirmed. On March 12, 1979, largely as the result of information supplied by an informant, police officers entered defendant's apartment without a warrant and placed him and his girlfriend, Christine Perdicaro, under arrest. The couple were driven separately to the station house. During the trip to the precinct, the detectives advised Perdicaro that they were investigating the homicides of Charles Fashaw and Karen Guy. Perdicaro thereupon made statements implicating the defendant in the killings. Although the record reveals that the police did, in fact, possess probable cause to arrest defendant at the time that they entered his apartment, a warrantless arrest effected in a suspect's home is unlawful in the absence of exigent circumstances. (*Payton v New York,* 445 US 573; see, also, *United States v Johnson,* 457 US 537.) The People concede that *Payton* is applicable to the instant case. They also do not dispute the propriety of the hearing court's determination that no exigent circumstances existed in the present situation to support a warrantless arrest. However, defendant's inculpatory statements in the station house one and one-half hours after he was arrested, and after he received his *Miranda* warnings, were admissible, inasmuch as any potential taint because of the circumstances of the arrest had been attenuated in the interval. His statements were voluntarily made and were elicited after Perdicaro's statements implicating him had been made to the police, and after he had been advised that "she told us about the rape" (precisely the same account that the defendant eventually gave). The defendant, of course, lacks standing to challenge Perdicaro's statements. (See *People v Henley,* 53 NY2d 403.) Concur — Sandler, J. P., Sullivan, Ross, Carro and Milonas, JJ.