THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ANTHONY, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered June 8, 1981, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's motion which sought suppression of certain statements. Judgment reversed, on the law, that branch of defendant's motion seeking suppression of statements made by him granted and matter remitted to the County Court, Nassau County, for further proceedings. The warrantless arrest of defendant in his apartment was constitutionally impermissible (*Payton v New York,* 445 US 573). Since the defendant had not been convicted when the Supreme Court held that *Payton* should be applied retroactively to all convictions not yet final when *Payton* was decided (*United States v Johnson,* 457 US 537), *Payton* should apply to defendant's case, and his motion, insofar as it was to suppress his statements, should be granted (*People v King,* 92 AD2d 922). The People urge, however, that *Payton* should not apply because, at the time of defendant's arrest, he was the subject of an outstanding bench warrant on an unrelated misdemeanor charge, a circumstance of which the arresting officers were not aware. This contention is supported neither by authority nor logic. The record reveals that the defendant requested counsel on the misdemeanor charge before the bench warrant was issued. The People argue that knowledge of the issuance of the bench warrant should be imputed to the arresting officers. Realizing, however, that knowledge of defendant's request for counsel may preclude a waiver of the right to counsel in the absence of counsel and thus require suppression of defendant's statements on Sixth Amendment grounds (*People v Rogers,* 48 NY2d 167; see *People v Kazmarick,* 52 NY2d 322, 328), the People claim that knowledge of defendant's request for counsel should not be imputed to the arresting officers. This argument, as the People recognize, is

internally inconsistent. The People's alternative contention that the statements are admissible as they were given outside defendant's apartment and the arrest based on probable cause would have been lawful if it had been made anywhere except in his home, ignores (1) the *ratio decidendi* of *Payton,* namely, that "the 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed' " (*Payton v New York,* 445 US 573, 585, *supra,* citing *United States v United States Dist. Ct.,* 407 US 297, 313), and the Supreme Court's statement that "the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant" (*Payton v New York, supra,* p 590). It also ignores the function of the exclusionary rule as a deterrent to unlawful police conduct. Accordingly, statements made by the defendant shortly after his arrest must be suppressed. Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.