■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MILLER, Appellant. — Upon remittitur from the Supreme Court of the United States, order of suppression court unanimously reversed, motion denied and judgment of conviction affirmed. Memorandum: Defendant was convicted after a guilty plea of arson in the third degree and manslaughter in the second degree in connection with a fire in an apartment building on November 12, 1977 resulting in two fatalities. The plea followed a *Huntley* hearing in which the court found involuntary and suppressed the first of two statements made at police headquarters on December 23, 1977 after defendant's arrest in his residence without a warrant. The second statement (resulting from an interrogation commenced about 2½ to 2¾ hours after the arrest and about one hour after the first interrogation), the suppression court found, in a memorandum, was the result of "a detached, full and rational choice of defendant" and "not the product of any unlawful or unconstitutional act of any public servant." In a supplemental memorandum, the court found that there "was such a definite pronounced break between [the interrogations leading to the first statement and to the second statement] that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning (People v Chapple, 38 NY2d 112, 115)." Defendant appealed raising, *inter alia,* issues concerning the voluntariness of the second statement and whether it was tainted by the interrogation leading to the first statement (see *People v Chapple, supra*). We affirmed (*People v Miller,* 79 AD2d 1092) and leave to appeal was denied (*People v Miller,* 53 NY2d 710). After the United States Supreme Court decided that its decision in *Payton v New York* (445 US 573) should be applied retroactively (*United States v Johnson,* 457 US 537), that court granted certiorari and remitted the case to us for further consideration. Accordingly, we remitted the matter to Trial Term for a hearing for the sole purpose of determining the applicability of *Payton* (*People v Miller,* 89 AD2d 1054).

After holding a full evidentiary hearing in which it addressed issues in addition to the applicability of *Payton,* the second suppression court found that there were no exigent circumstances justifying the warrantless entry. It agreed with the first suppression court that the second statement was voluntary, finding specifically that "the defendant did knowingly and intelligently waive his right to counsel and did freely and voluntarily speak to [the detectives taking the second statement]." The second court, while apparently adopting the rationale of *People v Matos* (93 AD2d 772) and *People v Graham* (90 AD2d 198, cert den __ US __, 104 S Ct 246), nevertheless distinguished those

cases and suppressed the second statement upon the ground that "the activities between the time of the first interrogation and the second interrogation [had not] so attenuated the illegal arrest so as to render the second statement admissible." We reverse.

Applying the analysis employed in *People v Graham* (*supra*) to the record before us, we find no palpable causal connection between the illegal aspect of the arrest (in that it followed a warrantless entry) and the second statement. Clearly, that illegality, given the findings of both suppression courts, did not affect the voluntariness of the second statement. No other basis for establishing a nexus is suggested. Having so found and considering the length of time between the illegal entry and the taking of the second statement, the finding of the first suppression court of a "definite pronounced break" between the two interrogations, and the lack of flagrancy of the police misconduct in making the pre-*Payton* entry without a warrant, in accordance with practice which was at the time assumed to be lawful, we conclude that the effect of the initial illegality had been dissipated through attenuation (see *People v Matos, supra; People v Graham, supra;* cf. *People v Anthony,* 93 AD2d 892). (Resubmission of appeal from judgment of Supreme Court, Erie County, Armer, J. — arson, third degree, and manslaughter, second degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.