THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL E. GUSTAFSON, Appellant.

At the *Huntley* hearing the arresting officer testified that on the day preceding the arrest he went to the pharmacy in response to a call that a man was there with a forged prescription. By the time he arrived at the pharmacy, the man had left; the pharmacist gave him a description, however. The next day he received a call that the man had returned to the pharmacy. When the officer arrived, the pharmacy clerk pointed defendant

out to him as the one with the forged prescription. Defendant was acting "furtive". In the officer's opinion, he matched the description the pharmacist had given him the day before. The officer approached defendant and asked him his name and what he was doing there, whereupon defendant refused to answer, became "evasive" and tried "to work his way towards an exit." At this point the officer had probable cause to arrest defendant for criminal possession of a forged instrument. However, he arrested defendant not for criminal possession of a forged instrument but for obstructing governmental administration, a crime for which concededly a proper arrest could not have been made. After the arrest the pharmacist gave the officer the prescription and bottle. At the police station, after receiving several *Miranda* warnings and after speaking with other officers, defendant gave the statements in issue.

The People contend on appeal and we agree that at the time of the apprehension there was ample ground to arrest for criminal possession of a forged instrument. The question is whether the arrest, because it was stated to be for obstructing governmental administration, should result in suppression of the statements. We conclude that it should not. We find no evidence of a causal connection between the statements and the technical impropriety of the arrest for the wrong crime at a time when there was probable cause to arrest for another crime. "[T]he conclusion is inescapable that the actual circumstances and police conduct giving rise to defendant's confession were the same here as they would have been had defendant lawfully been arrested [for criminal possession of a forged instrument]" (*People v Graham,* 90 AD2d 198, 202, *cert denied* 464 US 896; *see, People v Miller,* 105 AD2d 1127; *People v Matos,* 93 AD2d 772).

Defense counsel failed to move for a *Wade* hearing at trial (*see,* CPL 710.40) when, for the first time, he and the prosecutor learned that a police officer had shown two of the pharmacists who identified defendant at trial a single photograph of defendant shortly after his arrest. Thus, defendant has not preserved the identification issue for our review (*see generally, People v Tutt,* 38 NY2d 1011). It appears from the trial record that if a *Wade* hearing had been held, there would have been ample evidence to support a finding that the pharmacists had independent sources for their identifications. In any event, defendant's identification as the man with the prescription was not seriously placed in issue. (Appeal from judgment of Cattaraugus County Court, Crowley, J. — criminal possession of forged instrument, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.