■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRELL MINLEY, Appellant.—Judgment affirmed. Memorandum: Defendant was convicted, after a jury trial, of felony murder, robbery, first degree, and robbery, second degree. The convictions stem from a fatal shooting during a robbery of a liquor store in Rochester, New York on November 25, 1980 around 6:00 P.M. His main argument on appeal is that his warrantless arrest in his home shortly after the liquor store robbery was illegal under *Payton v New York* (445 US 573). He contends, therefore, that his oral and written confessions, given between 3:40 A.M. and 5:30 A.M. on November 26 at police headquarters, and his fingerprint impressions, also taken at headquarters several hours after defendant's apprehension, should have been suppressed as fruit of the illegal arrest. This argument was not raised before the suppression court and the claimed error was, therefore, not properly preserved for appeal (*see, People v Adams*, 57 NY2d 1035; *People v Cunningham*, 89 AD2d 645; *People v Benson*, 88 AD2d 229; *People v Jones*, 81 AD2d 22). If we were to reach this issue, we would find no error. Assuming, as defendant contends, that there was insufficient evidence before the suppression court to support a finding of exigent circumstances, and that the warrantless arrest was illegal under *Payton*, we would, considering the lack of flagrancy of the police misconduct, the lapse of time and the several intervening events, "find no palpable causal connection between the illegal aspect of the arrest (in that it followed a warrantless entry)" (*People v Miller*, 105 AD2d 1127, 1128) and defendant's confession and

the taking of the fingerprint impressions (*see, People v Matos,* 93 AD2d 772; *People v Graham,* 90 AD2d 198, *cert denied* 464 US 896; *cf. People v Anthony,* 93 AD2d 892). There would thus be no basis for suppression.

Defendant's contention that the gun found in plain view inside the premises should have been suppressed (because of the assertedly illegal warrantless entry and search) was preserved for review on appeal. Nevertheless, again assuming the illegality of the warrantless entry under *Payton* (*supra*), we find no basis for reversal. The improper receipt of the gun in evidence was harmless beyond a reasonable doubt and, in light of the overwhelming evidence of defendant's guilt, there was no reasonable possibility that the error might have contributed to defendant's conviction (*People v Crimmins,* 36 NY2d 230).

All concur, except Green, J., who dissents and votes to reverse and grant the motion to suppress and grant a new trial, in the following memorandum.

Green, J. (dissenting). I must dissent. The People cannot rely on attenuation because there was no independent source for the evidence seized and no significant intervening event which could support a conclusion that the evidence was not the product of the illegal activity (*People v Rogers,* 52 NY2d 527, *cert denied* 454 US 898). Not only was defendant coercively ordered out of his house, which was surrounded by five police cars and eight police officers, the police also continued their flagrant misconduct by falsely telling the defendant that he had been identified by one of the victims of the liquor store robbery. It cannot be determined, therefore, that the defendant's confession was so voluntary as to attenuate the causal connection between the illegal arrest and the confession (*see, People v Miller,* 105 AD2d 1127, 1128; *People v Graham,* 90 AD2d 198, 202-203). The police exploited the illegal detention in such a way that it must be said the confession was a result of the detention.

Furthermore, if the police had first obtained an arrest warrant, defendant's right to counsel would have attached and the police would have been precluded from questioning the defendant in efforts to obtain the confession (*People v Samuels,* 49 NY2d 218). The failure to obtain a warrant placed the defendant in a significantly different position than if one had been properly obtained (*see, People v Figueroa,* 122 Misc 2d 631; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 120.10, pp 111-112). Thus, because of the *Samuels* rule, there was direct and palpable causal con-

nection between the illegality of the arrest, i.e., failure to obtain a warrant, and the confession which could not be attenuated by the mere passage of time.

The confession, fingerprints and weapon were all obtained as a result of unlawful police activity and must be suppressed (*Payton v New York*, 445 US 573; *Dunaway v New York*, 442 US 200, 218), and matter remitted for a new trial. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. —murder, second degree, and other offenses.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Schnepp, JJ.