■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL CONYERS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's statement was properly admitted into evidence as it was not obtained through exploitation of his illegal arrest. Defendant was arrested in his

home on probable cause but without a warrant prior to the decision in *Payton v New York* (445 US 573). He was placed in a police vehicle, given his *Miranda* warnings and taken to police headquarters. He was placed in an interview room where he remained alone for two hours until the arrival of the officer in charge of the investigation. Upon the arrival of that officer, defendant was again informed of his constitutional rights and, for the first time, was questioned about the shooting of Thelma Barnes. Defendant then made a statement admitting that he had shot Thelma Barnes but claiming that it was an accident. Although the rule of *Payton* applies retrospectively, at the time defendant was arrested, an arrest without a warrant was permissible under New York law. Thus the officers were not guilty of "conscious or flagrant misconduct requiring prophylactic exclusion" of defendant's statement *(Rawlings v Kentucky,* 448 US 98, 110). Although administration of the *Miranda* warnings, per se, does not break the causal connection between the illegal arrest and the statement, it is an important factor to be considered in determining whether the statement is obtained through exploitation of the illegal arrest *(see, Brown v Illinois,* 422 US 590, 603). Other factors to be considered are the proximity of the arrest and the confession, the presence of intervening circumstances and whether there has been any misconduct on the part of the police. Under the circumstances presented here, we find that defendant's statement was sufficiently attenuated to be admissible. In order to suppress defendant's statement, we would have to apply a "but for" rule which the Supreme Court specifically rejected in both *Brown v Illinois (supra)* and *Rawlings v Kentucky (supra).* This we decline to do *(People v Miller,* 105 AD2d 1127).

With respect to defendant's other contention, there is no reasonable view of the evidence under which a jury could conclude that defendant was guilty only of assault in the third degree. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—assault, first degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.