■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered August 8, 1986, convicting him of robbery in the second degree (three counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find the hearing court was correct in finding that, although the defendant's arrest was not based on probable cause, certain statements made by him were admissible at trial as they were sufficiently attenuated from the illegal arrest to be purged of the taint created by the illegality *(see, United States v Crews,* 445 US 463; *Brown v Illinois,* 422 US

590; *People v Conyers,* 68 NY2d 982; *People v Rogers,* 52 NY2d 527, *cert denied* 454 US 898). The record reveals that the statements not suppressed by the hearing court were made by the defendant over four hours after his arrest and after the defendant had received *Miranda* warnings no less than twice *(see, People v Conyers, supra; People v Davis,* 120 AD2d 606; *People v Graham,* 90 AD2d 198; *People v Calhoun,* 78 AD2d 658). In addition, the police did not attempt to exploit the illegal arrest *(see, People v Conyers, supra; People v Rogers, supra)* and the defendant's statements that were used at trial were given only after an accomplice, who had been arrested at a different time and a different place, implicated him *(see, People v Allah,* 140 AD2d 613; *People v Davis, supra; People v Mas,* 110 AD2d 915, 916; *People v Matos,* 93 AD2d 772; *People v Emrick,* 89 AD2d 787, 788).

The defendant's contention that Officer Smith's showup identification of the defendant shortly after he had fled from the vehicle which the officer was pursuing is not preserved for appellate review since the defendant never moved to suppress the officer's identification testimony nor did he raise an objection to its admission at trial *(see, People v Jones,* 81 AD2d 22). Furthermore, the defendant's challenge to the propriety of the prosecutor's summation was not preserved for appellate review since no objection was made thereto at trial *(see,* CPL 470.05 [2]). In any event, the prosecutor's remarks, which the defendant contends constituted prosecutorial misconduct, were either proper responses to the defense summation *(see, People v Corley,* 140 AD2d 536; *People v Street,* 124 AD2d 841; *People v Freeman,* 123 AD2d 784, *lv denied* 69 NY2d 711) or fair comment on the evidence *(see, People v Allen,* 99 AD2d 592, *affd* 64 NY2d 979; *People v Ayala,* 120 AD2d 600). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.