■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OSATO SALAMI, Respondent. [602 NYS2d 918] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated April 24, 1992, as granted that branch of the defendant's omnibus motion which was to suppress a videotaped statement made by her to law enforcement officials.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's omnibus motion which was to suppress a videotaped statement made by her to law enforcement officials is denied.

The defendant was indicted for, *inter alia,* manslaughter in the first degree, arising out of the stabbing of her boyfriend on March 11, 1990.

The defendant gave law enforcement authorities two inculpatory statements: (1) a short oral statement to the police at 8:30 P.M., on March 12, 1990, and, after a definite, pronounced break in the questioning, (2) a detailed videotaped statement, preceded by *Miranda* warnings, at 12:05 A.M., on March 13, 1990, to an Assistant District Attorney.

The Supreme Court suppressed the first statement, a ruling that the People do not contest on appeal, on two grounds: (1) the defendant was arrested without probable cause, in violation of her Fourth Amendment rights (see, *Dunaway v New York,* 442 US 200), and (2) the People did not establish, to the court's satisfaction, that *Miranda* warnings were given before the first statement was elicited. The Supreme Court then suppressed the second, i.e., the videotaped, statement as the "fruit of the poisonous tree".

We disagree with the Supreme Court's determination regarding the defendant's second statement. The record indicates that during the defendant's illegal detention, but prior to the questioning which elicited the defendant's first inculpatory statement, the police independently obtained probable cause to arrest the defendant from her neighbor. This intervening circumstance attenuated the taint of the initial illegal detention (see, *People v Calhoun,* 78 AD2d 658; *People v Medina,* 107 AD2d 302, 308).

The remaining taint with respect to the first statement, i.e.,

the failure to give *Miranda* warnings, was insufficient to taint the defendant's second inculpatory statement, which was elicited over three hours later, after a definite, pronounced break in the interrogation and preceded by *Miranda* warnings *(see, People v Hawthorne,* 160 AD2d 727, 728-729; *People v McIntyre,* 138 AD2d 634, 636-637; *People v Mahoney,* 122 AD2d 815).

Accordingly, the Supreme Court erred in suppressing the defendant's second statement. Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.