■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMOND McCLOUD, Appellant. [668 NYS2d 649] —Appeal by defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 15, 1996, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Fisher, J.), of that branch of the defendant's motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court was correct in finding that, although the defendant's arrest was not based on probable cause, certain statements made by him were admissible at trial as they were sufficiently attenuated from the illegal arrest to be purged of the taint created by the illegality (*see, United States v Crews,* 445 US 463; *Brown v Illinois,* 422 US 590; *People v Conyers,* 68 NY2d 982; *People v Rogers,* 52 NY2d 527, *cert denied* 454 US 898). The statements in question were made by the defendant about eight hours after he had received the Miranda warnings no less than three times (*see, People v Conyers, supra; People v Jones,* 151 AD2d 695, 696; *People v Davis,* 120 AD2d 606; *People v Graham,* 90 AD2d 198, *cert denied* 464 US 896; *People v Calhoun,* 78 AD2d 658). In addition, the police did not attempt to exploit the illegal arrest (*see, People v Conyers, supra; People v Rogers, supra),* and the defendant's statements were given only after an accomplice, who had been arrested at a different time, and an informant who was in the vicinity of the crime scene during the murder, had implicated him (*see, People v Jones, supra; People v Allah,* 140 AD2d 613; *People v Davis, supra; People v Mas,* 110 AD2d 915, 916; *People v Matos,* 93 AD2d 772; *People v Emrick,* 89 AD2d 787, 788).

Further, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.