■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN R. RUSSELL, Appellant. [704 NYS2d 395] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Defendant contends that County Court erred in denying his motion to suppress various inculpatory statements made to police following his arrest. We agree with defendant that he was under arrest when he was placed in handcuffs by a Sheriff's Deputy at his house (*see, People v Battaglia,* 56 NY2d 558, *revg on dissenting opn of Hancock, Jr., J.,* at 82 AD2d 389, 395-397; *see generally, People v Yukl,* 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851; *cf., People v Hicks,* 68 NY2d 234) and that the deputy did not have probable cause to effectuate the arrest (*see generally, People v Carrasquillo,* 54 NY2d 248, 254; *cf., People v Willsey,* 144 AD2d 106, *lv denied* 73 NY2d 985). We

conclude, however, that defendant's statements were sufficiently attenuated from the illegal arrest to be purged of the taint created by the illegality (*see, People v Conyers*, 68 NY2d 982, 983; *People v Rogers*, 52 NY2d 527, 532-533, *rearg denied* 54 NY2d 753, *cert denied* 454 US 898, *reh denied* 459 US 898; *People v Jones*, 151 AD2d 695, *lv denied* 74 NY2d 897). "Sufficient attenuation to avoid application of the exclusionary rule has been found when the linkage between the police misconduct and that evidence is interrupted by intervening events * * * or becomes overly extended and weakened by passage of time" (*People v Stith*, 69 NY2d 313, 317-318 [citations omitted]). Here, the inculpatory statements were made approximately five hours after the arrest (*see, People v Herner*, 212 AD2d 1042, 1044, *lv denied* 85 NY2d 974; *People v Jackson*, 178 AD2d 438, 439; *People v Jones, supra*, at 696). Additionally, there were significant intervening circumstances between the time of the arrest and the statements, namely, the police independently learned that the victim, defendant's mother, believed that defendant had committed the crime and defendant was read his *Miranda* rights shortly after he was arrested (*see, People v Jackson, supra*, at 439; *People v Jones, supra*, at 696). Finally, we conclude that the actions of the police were not so egregious as to warrant suppression.

We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Attempted Murder, 2nd Degree.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.