■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD BROWER, Appellant. [728 NYS2d 182] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 2, 1996, convicting him of criminal possession of a controlled substance in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the

denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

The Supreme Court properly determined that the defendant's last written and videotaped statements should not be suppressed even though the initial arrest was invalid for lack of probable cause. The causal connection between the illegal arrest and the subject statements was sufficiently attenuated to purge the taint of the illegal arrest (*see, Dunaway v New York,* 442 US 200, 216; *Brown v Illinois,* 422 US 590, 602; *People v Johnson,* 66 NY2d 398, 407; *People v Roman,* 215 AD2d 697).

The defendant contends that the Supreme Court erred in permitting a police detective to demonstrate the use of a stun gun recovered by the police in connection with their investigation. We disagree. Demonstrations and tests, when relevant to a contested issue, can "play a positive and helpful role in the ascertainment of the truth" (*People v Acevedo,* 40 NY2d 701, 704). It is for the trial court, in the exercise of its sound discretion, based upon the nature of proof and the context in which it is offered, to determine whether the value of the evidence outweighs its potential for prejudice (*see, People v Acevedo, supra,* at 704). Here, the demonstration in the presence of the jury of how the stun gun operated was appropriate since the probative value of the evidence exceeded the prejudice to the defendant.

The defendant's remaining contentions are without merit. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.