■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON THOMPSON, Appellant. [745 NYS2d 550] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 6, 2000, convicting him of murder in the second degree, robbery in the first degree (two counts), and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

The Supreme Court determined that the defendant's arrest was not based on probable cause and granted that branch of his omnibus motion which was to suppress a written statement he made to a detective at 3:30 P.M., shortly after his arrest. However, the court denied those branches of the defendant's omnibus motion which were to suppress a written statement he made to another detective at approximately 5:00 P.M. on the same day, and a videotaped statement he made to an Assistant District Attorney at about 1:30 A.M. the following day.

Contrary to the defendant's contention, the People established that the causal connection between the illegal arrest and the videotaped statement was sufficiently attenuated to purge the taint of the illegal arrest (*see People v Conyers,* 68 NY2d 982; *People v Brower,* 285 AD2d 609, 610; *People v McCloud,* 247 AD2d 409). The defendant's videotaped statement was preceded by *Miranda* warnings (*see Miranda v Arizona,* 384 US 436), and was made several hours after his accomplices, who were arrested at a different time and place, had incriminated him (*see People v McCloud, supra; People v Jackson,* 178 AD2d 438, 439; *People v Jones,* 151 AD2d 695, 696).

The defendant contends that the evidence presented by the People failed to establish that the police obtained incriminating information from his accomplices prior to his 5:00 P.M. statement; therefore, the Supreme Court erred in concluding that the statement was attenuated from the illegal arrest. However, the evidence supports the Supreme Court's determination. Even assuming that the Supreme Court erred in denying suppression of the 5:00 P.M. statement, such error was harmless (*see People v Chase,* 85 NY2d 493, 502; *People v Crimmins,* 36 NY2d 230), since the defendant's videotaped statement, taken the following day, in which he confessed to firing the gun that killed the victim, was properly admitted into evidence at the trial.

The defendant's arguments with respect to his 3:30 P.M.

statement, in which he claimed that he was only acting as a lookout, are without merit. The Supreme Court granted the branch of his omnibus motion which was to suppress that statement. The statement was admitted into evidence at the trial, without objection, only after the defense counsel opened the door by cross-examining a prosecution witness about the statement.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's claim, raised in his supplemental pro se brief, that he was denied the effective assistance of counsel, is not reviewable on appeal, because the claim is based on matters outside the record. O'Brien, J.P., Krausman, Schmidt and Cozier, JJ., concur.