■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUSTON RICE, Appellant. [766 NYS2d 444] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered March 26, 2002 in Albany County, upon a verdict convicting defendant of the crime of assault in the first degree.

Defendant and Jesse Caldwell fought each other twice on the streets of the City of Albany on the night of June 9-10, 2001. During the first encounter, defendant allegedly flashed a box cutter, which he did not use at that time, and was punched once by Caldwell during the brief fracas. The fight ended without further incident. The two men resumed fighting, however, when they met again later that night and defendant allegedly struck Caldwell with a box cutter during this fight, causing a severe injury to Caldwell's left eye and leaving him blind in that eye.

A police investigation ensued during which both Caldwell and one of the witnesses to the fighting identified defendant from photo arrays as the perpetrator. Detective Kevin O'Neil, who was investigating the incident, informed officer Dennis Leonard that he wanted to speak to defendant. Leonard, who knew defendant, went to defendant's apartment and when he told defendant that a detective wanted to speak to him, defendant reportedly responded by stating that he always carried a knife for his own protection. Defendant was handcuffed and driven to the police station, where he was informed of his *Miranda* rights and elected to talk to O'Neil. He acknowledged that he had been in a fight with Caldwell, but denied cutting him during the fight.

Defendant was indicted on one count of the crime of assault in the first degree. Following a jury trial, he was found guilty of the charged count and was sentenced to a determinate term of incarceration of 14 years. Defendant appeals.

Defendant argues that his statements to police should have been suppressed since they were the product of an illegal

arrest. First, we address the People's contention that this issue was not properly advanced before the suppression hearing and, thus, was waived. During the *Wade/Huntley* hearing, Supreme Court, sua sponte, informed the parties that an issue had been implicated as to whether defendant's arrest was illegal. Supreme Court reserved on the issue following the hearing, affording the parties an opportunity to submit written arguments. The People did not object to the interjection of this issue nor challenge whether the issue was properly before Supreme Court. Since the People did not object, they waived any procedural irregularities that may have been implicated by the manner in which the issue was raised (*see People v Mezon,* 80 NY2d 155, 160 [1992]).

Supreme Court found that defendant's statement to Leonard regarding carrying a knife should not be suppressed since it was spontaneous. Leonard testified at the suppression hearing that he knew defendant and that, upon entering the apartment and telling defendant that a detective wanted to talk to him, defendant responded by calling the officer by his name and stating, "You know I always carry a knife for my own protection." Leonard's testimony provides adequate support for Supreme Court's determination (*see People v Burr,* 70 NY2d 354, 361 [1987], *cert denied* 485 US 989 [1988]; *People v Bryant,* 59 NY2d 786, 788 [1983]). Moreover, when ruling on this issue immediately prior to the trial, Supreme Court concluded that defendant was not in custody at the time he made the statement and the record supports that conclusion.

Although the issue as to when defendant's arrest actually occurred was contested by the parties, Supreme Court held that the arrest occurred before defendant was transported to the police station. Relying upon this determination, defendant argues that the arrest was not supported by probable cause. Supreme Court found that O'Neil had probable cause for the arrest and that, under the "fellow officer" rule, Leonard's arrest of defendant was thus lawful. "The 'fellow officer' rule provides that even if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer 'acts upon the direction of or as a result of communication with a superior or [fellow] officer or another police department provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest' " (*People v Ramirez-Portoreal,* 88 NY2d 99, 113 [1996], quoting *People v Horowitz,* 21 NY2d 55, 60 [1967]; *see People v Maldonado,* 86 NY2d 631, 635-636 [1995]). Although O'Neil clearly had knowledge of sufficient evidence to

constitute probable cause, the issue before us is whether the People established that O'Neil either imparted that information to Leonard or directed Leonard to arrest defendant (see People v Ramirez-Portoreal, supra at 113-114). The evidence at the hearing indicates that Leonard had, at best, a very vague knowledge that defendant was being investigated for an assault. There is no indication that he had knowledge of sufficient relevant details of the investigation to establish probable cause. Moreover, neither O'Neil nor Leonard testified that Leonard was directed to arrest defendant. In fact, both stated that O'Neil had indicated to Leonard only that he wanted to talk to defendant. It was, therefore, error to invoke the fellow officer rule. No other evidence was presented from which it could be concluded that Leonard had probable cause for the arrest. The arrest was thus unlawful and defendant's statement made at the police station shortly after the arrest was not, as urged by the People, sufficiently attenuated to overcome the illegal arrest (see People v Vaughn, 275 AD2d 484, 488 [2000], lv denied 96 NY2d 788 [2001]).

The People nevertheless urge that the error was harmless. At the police station, defendant stated that he carries a knife and that he had fought with Caldwell, but he denied cutting him. Defendant had already admitted to Leonard in an admissible statement that he carried a knife. There was overwhelming proof that he had fought with Caldwell and defendant's denial of using a knife was, as noted by Supreme Court, exculpatory. Upon assessing the evidence and the causal effect its admission may have had on the jury, we find the error harmless beyond a reasonable doubt (see People v Simmons, 75 NY2d 738 [1989]).

Next, we turn to defendant's contention that he was denied the effective assistance of counsel because the Albany County Public Defender's office, which represented defendant, had represented Caldwell. Indeed, Caldwell ostensibly still owed money for a fine imposed in one matter in which the Public Defender's office represented him. The attorney appearing for defendant indicated that he did not believe he had ever personally represented Caldwell. Significantly, Supreme Court fully discussed the situation on the record with defendant and the attorneys, and defendant consented to the continued representation. Under the circumstances and after review of the record, we are unpersuaded by defendant's contention that he did not receive the effective assistance of counsel (see People v Jordan, 83 NY2d 785 [1994]; People v Jenkins, 256 AD2d 735, 736-737 [1998], lv denied 93 NY2d 854 [1999]).

Finally, after viewing the totality of the evidence in a neutral light, we find no merit in defendant's argument that the verdict was against the weight of the evidence. Although Caldwell delayed seeking medical attention for a couple of hours after the second fight and initially gave inconsistent statements regarding some of the events, defendant was seen by witnesses with a box cutter that evening and witnesses described significant bleeding from Caldwell's face immediately following the second fight. This evidence, together with the other proof at trial, provided ample support for the verdict.

Defendant's remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.