■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC WILKINSON, Appellant. [773 NYS2d 111]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered June 6, 2002, convicting him of criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Latella, J.), of that branch of the defendant's omnibus motion which was to suppress his written statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal possession of stolen property in the fourth degree based on evidence that an employee of United Parcel Service (hereinafter UPS) left a delivery of computer equipment, which had been purchased by the defendant's neighbor, with the defendant. When the neighbor confronted the defendant, he at first denied receiving the computer equipment but later admitted to her that he sold it.

The defendant moved, inter alia, to suppress his written statement to the police, in which he admitted that he sold the equipment, on the ground that it was the product of an illegal arrest. The People's sole witness at the pretrial suppression hearing was a police detective from the 101st Precinct who investigated the crime before the defendant's arrest. The detective testified that the defendant was identified in a photographic array by the UPS employee, who knew the defendant because they previously lived in the same area. The detective then circulated

wanted posters in the defendant's neighborhood, spoke to a confidential informant about the defendant, and caused the publication of a newspaper story regarding the crime. Thereafter, the defendant called the detective several times and indicated that he might make restitution for the stolen equipment.

Five months after the crime, the defendant was arrested on the street by a police officer from the 103rd Precinct. Regarding the circumstances of the arrest, the detective testified that the arrest occurred because the confidential informant informed the officer that the defendant was "wanted" and that "I was looking for him." Following the defendant's arrest, the confidential informant informed the detective that he saw the defendant and called the police. In addition, the detective was contacted by his office about the arrest, and he confirmed that the defendant was still "wanted." Later that day, the detective transported the defendant to the 101st Precinct where the defendant gave a written statement. The hearing court determined that the police had probable cause to arrest the defendant based on the "fellow officer" rule and denied that branch of his omnibus motion which was to suppress his statement.

We agree with the defendant's contention that the People failed to establish probable cause for his arrest by the officer of the 103rd Precinct. Under the "fellow officer" rule, "even if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer 'acts upon the direction of or as a result of communication with a superior or [fellow] officer or another police department provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest' " (*People v Ramirez-Portoreal,* 88 NY2d 99, 113 [1996], quoting *People v Horowitz,* 21 NY2d 55, 60 [1967]; *see also People v Lypka,* 36 NY2d 210, 213 [1975]; *cf. People v Rice,* 309 AD2d 1078 [2003]). Here, however, the officer acted on the basis of information provided by a confidential informant, not a fellow officer.

Hearsay information provided by a confidential informant may be sufficient to establish probable cause for a warrantless arrest, provided that the People demonstrate the reliability of the confidential informant and the basis of his knowledge pursuant to the *Aguilar-Spinelli* test (*see Aguilar v Texas,* 378 US 108 [1964]; *Spinelli v United States,* 393 US 410 [1969]; *People v Ketcham,* 93 NY2d 416, 420 [1999]; *People v Parris,* 83 NY2d 342 [1994]). Assuming that the People's evidence regarding the informant satisfied the *Aguilar-Spinelli* test, the information provided by the informant to the arresting officer, that is, that

the detective was "looking for" the defendant or that the defendant was "wanted," was insufficient to establish probable cause for his arrest.

Nevertheless, contrary to the defendant's contention, we conclude that his written statement was sufficiently attenuated from the illegal arrest, and therefore that branch of his omnibus motion which was to suppress his written statement was properly denied (*see People v Rogers,* 52 NY2d 527, 532-533 [1981], *cert denied* 454 US 898 [1981]; *People v Russell,* 269 AD2d 771, 772 [2000]; *People v Salami,* 197 AD2d 715 [1993]; *cf. People v Harris,* 77 NY2d 434 [1991]). The detective learned of the defendant's arrest at about 2:00 P.M., and the defendant did not make his written statement until approximately 7:00 P.M. In the interim, the detective obtained a second confirmatory photographic identification from the UPS employee and administered *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) to the defendant. Furthermore, the evidence did not establish flagrant misconduct by the police (*see People v Rogers, supra*). The evidence at the hearing established that the defendant was aware that he was wanted by the police in connection with the stolen computer equipment and previously spoke to the detective about making restitution. Thus, the detective who transported him to the 101st Precinct clearly had probable cause to arrest him.

Even if we were to conclude that the defendant's written statement should have been suppressed, any error in allowing the statement was harmless in view of the overwhelming evidence of the defendant's guilt provided by the testimony of the complainant, the UPS employee, and the detective (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Thompson,* 296 AD2d 513 [2002]; *People v Rifkin,* 289 AD2d 262, 263 [2001]; *People v Zappulla,* 282 AD2d 696, 698 [2001]).

Finally, the evidence presented by the People was sufficient to establish beyond a reasonable doubt that the aggregate value of the stolen computer equipment exceeded $1,000 (*see People v Irrizari,* 5 NY2d 142 [1959]; *People v Crawford,* 135 AD2d 554 [1987]; Penal Law § 165.45 [1]). Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.