■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PEAY, Appellant. [908 NYS2d 316]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered September 12, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). We reject the contention of defendant that the written and oral statements he made to the police while in custody and after waiving his *Miranda* rights were coerced and that County Court therefore erred in refusing to suppress them. "The voluntariness of a

confession is to be determined by examining the totality of the circumstances surrounding the confession" (*People v Coggins*, 234 AD2d 469, 470 [1996]; *see People v Scott*, 212 AD2d 1047 [1995], *affd* 86 NY2d 864 [1995]). Here, the record of the suppression hearing supports the court's determination that the statements were not coerced, i.e., defendant received no promises in exchange for making the statements nor was he threatened in any way, and the court's determination is entitled to great deference (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Contrary to the further contention of defendant in his main and pro se supplemental briefs, the sentence is not unduly harsh or severe. We have considered the remaining contention in defendant's pro se supplemental brief and conclude that it is without merit. Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.