# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**26**

**KA 13-00860**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

JACOB C. BUCHANAN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered August 28, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (§ 140.25 [2]). In appeal No. 3, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (§ 160.15 [3]). All of the pleas were entered during one plea proceeding, following the denial of defendant's suppression motion concerning all of the charges. Defendant contends that Supreme Court erred in denying his suppression motion inasmuch as his inculpatory statements to the police were involuntarily made and not attenuated from his unlawful arrest. We reject that contention.

Indeed, "[t]he choice to speak where speech may incriminate is constitutionally that of the individual, not the government, and the government may not effectively eliminate it by any coercive device" (*People v Thomas*, 22 NY3d 629, 642). We note, however, that " '[t]he voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding the confession' " (*People v Peay*, 77 AD3d 1309, 1309-1310, *lv denied* 15 NY3d 955; *see Thomas*, 22 NY3d at 641-642). Here, an officer who interviewed defendant testified at the suppression hearing that defendant was not threatened or promised anything in order for him to waive his *Miranda* rights, and

the officer did not promise defendant that, if he cooperated, the officer would help him gain admission into a Drug Court program.  The court did not credit defendant's testimony that the officers who questioned him promised to help him "with the judge and something about Drug Court," and we give deference to the court's resolution of issues of credibility (*see generally People v Prochilo*, 41 NY2d 759, 761; *People v Williams*, 115 AD3d 1344, 1345).  In any event, even crediting defendant's testimony, we agree with the People that the statements by the officers were not deceptive or coercive (*see People v Sabines*, 121 AD3d 1409, 1411, *lv denied* 25 NY3d 1171; *see generally Thomas*, 22 NY3d at 641-642).  We conclude that the People proved beyond a reasonable doubt that defendant's statements were not products of coercion but rather were the "result of a 'free and unconstrained choice' " by defendant (*Thomas*, 22 NY3d at 641).

We agree with the People that, even assuming that defendant was illegally arrested, "defendant's statements were sufficiently attenuated from the illegal arrest to be purged of the taint created by the illegality" (*People v Russell*, 269 AD2d 771, 772).  "[A] confession that is made after an arrest without probable cause is not subject to suppression if the People adequately demonstrate that the inculpatory admission was 'attenuated' from the improper detention; in other words, it was 'acquired by means sufficiently distinguishable from the arrest to be purged of the illegality' " (*People v Bradford*, 15 NY3d 329, 333).  In determining whether there has been attenuation, courts must consider "the temporal proximity of the arrest and the confession, the presence of intervening circumstances and, particularly, the purpose and flagrancy of the official misconduct" (*id.* at 333 [internal quotation marks omitted]).

Here, defendant was not interrogated until almost 2½ hours after his arrest (*see id.* at 333-334; *see also People v Rogers*, 52 NY2d 527, 532-534, *rearg denied* 54 NY2d 753, *cert denied* 454 US 898, *reh denied* 459 US 898).  He was given *Miranda* warnings prior to the interrogation, which is an "important" attenuation factor (*People v Conyers*, 68 NY2d 982, 983).  Before defendant was interrogated, a codefendant implicated defendant in at least one of the crimes, which constituted a significant intervening event and provided the police with probable cause (*see generally Bradford*, 15 NY3d at 333-334; *Russell*, 269 AD2d at 772).  Finally, there was no evidence of flagrant misconduct or bad faith on the part of the officers (*see Bradford*, 15 NY3d at 334).

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court