People v Morrow (2018 NY Slip Op 08804)





People v Morrow


2018 NY Slip Op 08804


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1173 KA 15-00756

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN J. MORROW, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered November 6, 2014. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree, criminal possession of a weapon in the fourth degree and tampering with physical evidence (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in refusing to suppress statements that he made to police investigators as involuntarily made. We reject that contention. " The voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding the confession' " (People v Deitz, 148 AD3d 1653, 1653 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]; see People v Buchanan, 136 AD3d 1293, 1293 [4th Dept 2016], lv denied 27 NY3d 1129 [2016]). Here, the police investigators testified at the suppression hearing that defendant agreed to accompany them to the police station and was advised of his Miranda rights during the ride to the station. Thereafter, defendant agreed to speak to the investigators (see Deitz, 148 AD3d at 1653-1654), and was not threatened or coerced to waive his Miranda rights (see Buchanan, 136 AD3d at 1293-1294). The court credited the police investigators' testimony, and we afford deference to the court's resolution of issues of credibility (see People v Dogan, 154 AD3d 1314, 1315 [4th Dept 2017], lv denied 30 NY3d 1115 [2018]; Buchanan, 136 AD3d at 1294). Moreover, we note that the video recordings of defendant's conversations with the police investigators, which were received in evidence at the hearing, are consistent with their testimony. Contrary to defendant's contention, his statements were not rendered involuntary by police deception because the deception "did not create a substantial risk that defendant might falsely incriminate himself" (Deitz, 148 AD3d at 1654 [internal quotation marks omitted]; see People v Clyburn-Dawson, 128 AD3d 1350, 1351 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). In light of the totality of the circumstances, the People proved beyond a reasonable doubt that the challenged statements "were not products of coercion but rather were the result of a free and unconstrained choice by defendant" (Buchanan, 136 AD3d at 1294 [internal quotation marks omitted]; see People v Thomas, 22 NY3d 629, 641 [2014]).
Defendant failed to preserve for our review his contention that his plea was not knowingly, intelligently, or voluntarily entered inasmuch as he did not move to withdraw his guilty plea or vacate the judgment of conviction (see People v Sheppard, 149 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; People v Jones, 118 AD3d 1354, 1354 [4th Dept 2014], lv denied 24 NY3d 961 [2014]). Contrary to his contention, this case does not fall into the rare exception to the preservation doctrine inasmuch as nothing in the plea colloquy "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; see Sheppard, 149 AD3d [*2]at 1569).
Defendant also failed to preserve for our review his challenge to the adequacy of the presentence report (see People v Jones, 114 AD3d 1239, 1242 [4th Dept 2014], lv denied 23 NY3d 1038 [2014], lv denied 25 NY3d 1166 [2015]; People v Hayhurst, 108 AD3d 1233, 1234 [4th Dept 2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
The sentence is not unduly harsh or severe. We note, however, that the certificate of conviction and uniform sentence and commitment sheet incorrectly reflect that, under count two of the indictment, defendant was convicted of tampering with physical evidence under Penal Law § 215.40 (1). Therefore, those documents must be amended to reflect that defendant was convicted under Penal Law § 215.40 (2) (see People v Gathers, 106 AD3d 1333, 1334 [3d Dept 2013], lv denied 21 NY3d 1073 [2013]; see also People v Green, 132 AD3d 1268, 1269 [4th Dept 2015], lv denied 27 NY3d 1069 [2016], reconsideration denied 28 NY3d 930 [2016]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court