People v Gibson (2021 NY Slip Op 06232)





People v Gibson


2021 NY Slip Op 06232


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


728 KA 17-01517

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAINE GIBSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered February 24, 2017. The judgment convicted defendant upon a jury verdict of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). We affirm.
Defendant contends that County Court (Randall, J.) erred in denying his request for new counsel before his first trial, which ended in a mistrial. We conclude, however, that defendant abandoned that request when he proceeded to the second trial, before a different judge (Castro, A.J.), while still being represented by the same attorney (see People v Hampton, 113 AD3d 1131, 1132 [4th Dept 2014], lv denied 22 NY3d 1199 [2014], reconsideration denied 23 NY3d 1062 [2014]; People v Bennett, 94 AD3d 1570, 1571 [4th Dept 2012], lv denied 19 NY3d 994 [2012], reconsideration denied 19 NY3d 1101 [2012]; see also People v Crosby, 195 AD3d 1602, 1604 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]).
Defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish the element of identity. We reject that contention. The presence of defendant's fingerprint on an item that was moved in the course of the burglary, together with the victim's testimony that she did not know defendant, provided a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" that defendant was the burglar (People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant also contends that the People failed to establish that his statements to the police were voluntary because the police failed to video record his interrogation and thus that the court erred in refusing to suppress those statements. We reject that contention. There was no statutory requirement that the police record the interrogation, and it is well settled that due process does not require that the police record interrogations (see People v Durant, 26 NY3d 341, 348-349 [2015]). We conclude that the People proved beyond a reasonable doubt that defendant's statements were not products of coercion but rather were the "result of a free and unconstrained choice by defendant" (People v Buchanan, 136 AD3d 1293, 1294 [4th Dept 2016], lv denied 27 NY3d 1129 [2016] [internal quotation marks omitted]).
We reject defendant's contention that the court erred in adjudicating him a persistent violent felony offender. Defendant failed to preserve for our review his contention that the court [*2]erred in failing to reopen the persistent violent felony offender hearing after it admitted in evidence a certificate of incarceration from the Department of Corrections and Community Supervision (DOCCS) (see generally People v Angona, 119 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 987 [2015]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's assertion, we conclude that the court did not err in admitting in evidence the certificate of incarceration pursuant to the common-law public documents exception to the hearsay rule. " 'When a public officer is required or authorized, by statute or nature of the duty of the office, to keep records or to make reports of acts or transactions occurring in the course of the official duty, the records or reports so made by or under the supervision of the public officer are admissible in evidence' " (People v Smith, 258 AD2d 245, 248 [4th Dept 1999], lv denied 94 NY2d 829 [1999]). The Commissioner of Corrections and Community Supervision is a public officer who is required to collect the names of inmates, the nature and duration of their sentences, and the duration of their punishments (see Correction Law §§ 29, 119). Thus, the certificate of incarceration with the seal of DOCCS qualified for admission under the common-law public documents exception to the hearsay rule (see Smith, 258 AD2d at 249; People v Hudson, 237 AD2d 943, 944 [4th Dept 1997], lv denied 89 NY2d 1094 [1997]). Finally, inasmuch as there was a prior finding that defendant's 2002 conviction is a predicate violent felony conviction, he could not challenge that finding in the subsequent proceeding to adjudicate him a persistent violent felony offender (see CPL 400.15
[8]; People v Wilson, 231 AD2d 912, 913 [4th Dept 1996], lv denied 89 NY2d 868 [1996]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court