People v Jones (2022 NY Slip Op 03590)

People v Jones

2022 NY Slip Op 03590

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

136 KA 17-01711

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALI R. JONES, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered July 31, 2017. The judgment convicted defendant upon a jury verdict of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count of burglary in the second degree (Penal Law § 140.25 [2]), arising from an incident in which a residence was burglarized and the police subsequently found several fingerprints located on a piece of paper near the point of entry. A police department fingerprint examiner analyzed the evidence and testified at trial that, based on 18 points of similarity and zero points of dissimilarity between one partial print found on the piece of paper at the crime scene and an inked print taken from defendant, it was her opinion that the partial print was made by defendant's left index finger.
On cross-examination, the fingerprint examiner agreed that her opinion is subjective, that two examiners may reach different opinions when examining the same set of prints, and that verification by a second examiner, particularly blind verification, significantly increases the accuracy of fingerprint analysis. She further testified that every individual fingerprint has approximately 80 to 120 classifiable characteristics, and that every characteristic between two prints must be identical for them to be considered a match. Here, because of the limited nature of the partial print, she was only able to match 18 characteristics, meaning that it matched 15% to 22.5% of the characteristics of defendant's inked print. Further, there was no evidence presented at trial that a second examiner had made a positive verification that the partial print was made by defendant. No other evidence was introduced at trial linking defendant to the crime.
Under these facts, we agree with defendant that the verdict is against the weight of the evidence, and we therefore reverse the judgment and dismiss the indictment. A review of the weight of the evidence requires us to first determine whether an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]). Where an acquittal would not have been unreasonable, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (id.). We conclude that an acquittal would not have been unreasonable in this case and, viewing the evidence in light of the elements of the crime as charged to the jury (see id. at 349), we further conclude that the jury was not justified in finding defendant guilty beyond a reasonable doubt.
Although there are cases where a fingerprint provides support for a burglary conviction where there is additional evidence linking the defendant to the crime (see e.g. People v [*2]Hajratalli, 200 AD3d 1332, 1336 [3d Dept 2021]; People v Gibson, 199 AD3d 1335, 1336 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]), the evidence here established, at best, a subjective and unverified opinion that defendant's fingerprint shared a small number of characteristics with a partial print found at the scene. Giving the evidence the weight it should be accorded, we find that the People failed to establish, beyond a reasonable doubt, that defendant entered the residence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Gonzalez, 174 AD3d 1542, 1546 [4th Dept 2019]).
Defendant's remaining contention is academic in light of our determination.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court