■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAINE PATTERSON, Appellant. [798 NYS2d 479]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered December 13, 2002, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that his statements were not suppressible as the fruits of an illegal arrest (*see Payton v New York,* 445 US 573 [1980]). An exception to the Fourth Amendment warrant requirement exists when the police receive the voluntary consent of a person possessing common authority over, or other sufficient relationship to, the premises to be inspected (*see Schneckloth v Bustamonte,* 412 US 218 [1973]; *People v Ponto,* 103 AD2d 573 [1984]). The evidence adduced at the suppression hearing supported the hearing court's conclusion that the police had the consent of the defendant's grandmother to enter her house when the defendant was arrested (*see People v White,* 301 AD2d 542 [2003]; *People v Nelson,* 292 AD2d 397 [2002]; *People v Satornino,* 153 AD2d 595 [1989]). Moreover, assuming that the defendant's arrest was illegal, the statements he gave more

than one month after the arrest, after he had been positively identified by two witnesses, and again given the *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]), were admissible, as they were sufficiently attenuated from the arrest to have been purged of any taint (*see People v Wilkinson,* 5 AD3d 512 [2004]; *People v Vachet,* 5 AD3d 700 [2004]).

In any event, any error in the admission of the defendant's largely exculpatory statements taken in Virginia was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]). Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.