■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERY LATOUCHE, Appellant. [876 NYS2d 497]—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered November 15, 2005, convicting him of murder in the second degree, robbery in the first degree, robbery in the second degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

On appeal, the defendant challenges, inter alia, the probable cause for his arrest, and the voluntariness of his statements to law enforcement officials. Any illegality in the defendant's arrest was sufficiently attenuated from his statements to law enforcement officials (see People v Rogers, 52 NY2d 527, 532-533 [1981], cert denied 454 US 898 [1981]; People v Patterson, 19 AD3d 513, 513-514 [2005]; People v Wilkinson, 5 AD3d 512, 514 [2004]). Moreover, the hearing court properly determined that the defendant's statements, given after he was informed of, and waived, his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]), were voluntarily made (see People v Osorio, 49 AD3d 562 [2008]). The defendant failed to establish that in making his statements to the police, his " 'will [was] overborne and his capacity for self-determination critically impaired' " (People v White, 10 NY3d 286, 292 [2008], quoting People v Anderson, 42 NY2d 35, 41 [1977]). Accordingly, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials was properly denied.

The defendant's contention that the evidence was legally insufficient to support his convictions is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to

view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Skelos, J.P., Fisher, Florio and Leventhal, JJ., concur.