■ The People of the State of New York, Respondent, v Michael Carey, Appellant. [888 NYS2d 615]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 2, 2007, convicting him of sexual abuse in the first degree (two counts), course of sexual conduct against a child in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his oral and written statement made to law enforcement officials.

Ordered that the judgment is affirmed.

On appeal, the defendant challenges the voluntariness of his statements to law enforcement officials. The hearing court properly determined that the defendant's oral and written statements, given after he was informed of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntarily made, as the defendant failed to establish that in making his statements to the police his "will [was] overborne and his capacity for self-determination critically impaired" (*People v Latouche*, 61 AD3d 702, 702 [2009] [internal quotation marks omitted]).

The defendant's contentions that the prosecutor improperly vouched for the complainant during his summation and improperly commented about the defendant's handwriting are unpreserved for appellate review (*see People v Coleman*, 62 AD3d 810 [2009]) and, in any event, are without merit. The challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Gillespie*, 36 AD3d 626 [2007]).

The trial court properly exercised its discretion in precluding the testimony of the defendant's expert that the defendant "likely" suffered from blackouts after he drank. The admission and scope of expert testimony is addressed primarily to the discretion of the trial court (*see People v Cronin*, 60 NY2d 430 [1983]). The expert's testimony was speculative (*cf. Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520 [2007]) and, in any event, irrelevant, as the defendant's failure to remember whether he committed the crimes charged had no impact on the question of his guilt or nonguilt.

Similarly, the court properly precluded the testimony of a defense witness that, after drinking alcohol, the defendant did things that he appeared not to recall later. This testimony was cumulative of the defendant's testimony (*see generally People v Hortiz*, 60 AD3d 692 [2009]) and irrelevant to the question of the defendant's guilt or nonguilt.

We reject as without merit the defendant's argument that the complainant's grandmother should have been allowed to testify that the complainant told her that she had lied to investigators who were investigating allegations of abuse by the boyfriend of the complainant's mother. Furthermore, the defendant's contention that his sister should have been allowed to testify that the complainant told her something different from what she testified to is without merit. It is axiomatic that "the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" (*People v Rivers*, 109 AD2d 758, 761 [1985]; *People v Pavao*, 59 NY2d 282, 288-289 [1983]). Moreover, "[t]he general rule is that the cross-examiner is bound by the answers of the witness concerning collateral matters" (*People v Gonzalez*, 100 AD2d 852, 853 [1984]; *see People v Goggins*, 64 AD2d 717 [1978]). Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.