People v Carney (2020 NY Slip Op 01633)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Carney

2020 NY Slip Op 01633

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-11110
(Ind. No. 1745-16)

[*1]The People of the State of New York, respondent,
vJohn Carney, appellant.

Heilig, Branigan & Miller, LLP, Holbrook, NY (Michael J. Miller of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan and Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered August 3, 2017, convicting him of coercion in the second degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the trial court properly declined to allow him to introduce extrinsic evidence on a collateral matter to impeach the credibility of a witness (see People v Alvino, 71 NY2d 233, 247; People v Carey, 67 AD3d 925, 926).
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of coercion in the second degree (three counts) under former Penal Law § 135.60(8). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to the trial court's jury charge is unpreserved for appellate review (see CPL 470.05[2]; People v Robinson, 88 NY2d 1001; People v Taylor, 11 AD3d 715) and, in any event, without merit.
The defendant's remaining contentions are without merit.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court