People v Rangel (2021 NY Slip Op 03995)





People v Rangel


2021 NY Slip Op 03995


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Ind No. 2245/12 2245/12 Appeal No. 14109 Case No. 2020-04468 

[*1]The People of the State of New York, Respondent,
v
Daisy Rangel, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Order, Supreme Court, New York County (Michele S. Rodney, J.), entered on or about November 10, 2020, which denied defendant's motion for resentencing pursuant to the Domestic Violence Survivors Justice Act (DVSJA) (L 2019, ch 31; L 2019, ch 55, § 1, part WW, § 1), unanimously affirmed.
Defendant was convicted in 2013 of robbery in the first degree, and was sentenced, as a second felony offender, to a term of eight years, with five years' postrelease supervision. In 2020, she moved under CPL 440.47 to be resentenced in accordance with Penal Law § 60.12. We find that the court providently exercised its discretion in denying that application. Defendant's sentence was not unduly harsh (see Penal Law § 60.12[3]). The sentencing court imposed the minimum sentence, and that sentence was itself within the range of reduced sentences available under the DVSJA. Moreover, defendant has completed the incarceratory portion of her sentence, and given her criminal history and need for services, the period of five years' postrelease supervision was not excessive. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021