People v Coles (2022 NY Slip Op 00678)





People v Coles


2022 NY Slip Op 00678


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2021-01039
 (Ind. No. 7630/02)

[*1]The People of the State of New York, respondent,
v
Danielle Coles, appellant.


Janet E. Sabel, New York, NY (David Crow, Lawrence T. Hausman, and Cleary Gottlieb Steen & Hamilton LLP [Victor L. Hou and Dan Montgomery], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Lisa Perlman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Sharen D. Hudson, J.), dated January 21, 2021, which denied, without a hearing, her motion pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
On October 24, 2002, the defendant aided her codefendant in killing a woman whom the codefendant suspected was having an affair with the codefendant's boyfriend. The defendant was convicted, upon her plea of guilty, of manslaughter in the first degree, and on December 17, 2003, she was sentenced to a determinate term of imprisonment of 20 years plus 5 years of postrelease supervision. In November 2019, the defendant moved pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12. She alleged that the codefendant subjected her to domestic violence, which, she further alleged, was a significant contributing factor in her participation in the crime. The Supreme Court denied the defendant's motion without a hearing, finding that she failed to submit evidence corroborating her allegations as required by CPL 440.47(2)(c). The defendant appeals.
Provided that the defendant meets certain threshold eligibility requirements pertaining to, inter alia, the length of incarceration and the type of offense (see id. § 440.47[1][a]), a defendant may move for resentencing in accordance with Penal Law § 60.12 (see CPL 440.47[1][c]). The motion itself, however, must make a preliminary evidentiary showing consisting of "at least two pieces of evidence corroborating the applicant's claim that he or she was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the applicant as such term is defined in" CPL 530.11(1) (CPL 440.47[2][c]). Furthermore, "[a]t least one piece of evidence must be either a court record, presentence report, social services record, hospital record, sworn statement from a witness to the domestic violence, law enforcement record, domestic incident report, or order of protection" (id.).
Here, the defendant's evidence in support of her motion included affidavits of her sister and mother, as well as a purported transcription of her interrogation by the police. Together, this evidence corroborated her allegations that she was subjected to domestic violence by the codefendant at the time of the offense (see generally Matter of David M. [Sonia M.-C.], 119 AD3d 800, 801; Matter of Samuel S. v Dayawathie R., 63 AD3d 746, 747), and that the defendant and the codefendant were "member[s] of the same family or household" (CPL 440.47[2][c]; see Matter of Raigosa v Zafirakopoulos, 167 AD3d 748, 749; Matter of Jose M. v Angel V., 99 AD3d 243, 247), in satisfaction of CPL 440.47(2)(c).
As the defendant met her burden pursuant to CPL 440.47(2)(c), the Supreme Court was required to "conduct a hearing to aid in making its determination of whether [she] should be resentenced in accordance with" Penal Law § 60.12 (CPL 440.47[2][e]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and thereafter a new determination of the defendant's motion.
The defendant's remaining contentions are either not properly before this Court or without merit.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court