People v James NN. (2024 NY Slip Op 00657)

People v James NN.

2024 NY Slip Op 00657

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

113572
[*1]The People of the State of New York, Respondent,
v
James NN., Appellant.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Clark, J.
Appeal from an order of the County Court of Schenectady County (Michael W. Smrtic, J.), entered August 12, 2021, which denied defendant's motion for resentencing pursuant to CPL 440.47, without a hearing.
In 2004, defendant stabbed his girlfriend multiple times during an altercation in their shared home, resulting in her death. Following a jury trial, defendant was convicted of murder in the second degree, criminal possession of a weapon in the third degree and three counts of endangering the welfare of a child. Defendant is currently serving an indeterminate prison term of 25 years to life for the murder in the second degree conviction, and lesser concurrent terms for the remaining convictions. Following passage of the Domestic Violence Survivors Justice Act, defendant requested permission to file an application for resentencing (see CPL 440.47; Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1). County Court found that defendant met the statutory threshold eligibility requirements, granted permission and defendant applied for resentencing in May 2021. Upon reviewing the motion and supporting documentation, the court found, without a hearing, that defendant failed to sustain his burden of proof and denied the application, without prejudice. Defendant appeals.
Considering the significant trauma suffered by victims of domestic violence, the Legislature has permitted courts to impose more lenient sentences where, except in circumstances not relevant here, such a victim commits an offense as a result of the inflicted abuse (see CPL 440.47; Penal Law § 60.12). A defendant who has met threshold eligibility requirements, including commission of a qualifying offense and length of incarceration, among other things, may apply for resentencing in accordance with Penal Law § 60.12 (see CPL 440.47 [1] [a], [c]). Such application "must include at least two pieces of evidence corroborating the applicant's claim that he or she was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the applicant" (CPL 440.47 [2] [c]). While such evidence may come in many forms, "[a]t least one piece of evidence must be either a court record, [presentence] report, social services record, hospital record, sworn statement from a witness to the domestic violence, law enforcement record, domestic incident report . . . or order of protection" (CPL 440.47 [2] [c]). If an applicant fails to meet these evidentiary requirements, "the [reviewing] court shall dismiss the application without prejudice" (CPL 440.47 [2] [d]); whereas, if an applicant has met such requirements, "the court shall conduct a hearing to aid in making its determination of whether the applicant should be resentenced in accordance with [Penal Law § 60.12]" (CPL 440.47 [2] [e]).
In support of his application, defendant supplied the presentence report, the People's [*2]CPL 710.30 notice specifying some of defendant's incriminating statements that the People intended to offer at trial, and defendant's medical records related to the altercation. Despite defendant's statements at the time of his arrest that the girlfriend was the aggressor and that he had attempted to defend himself, as well as his medical records depicting an injury to his hand, this evidence does not suggest that the incident leading to the girlfriend's death was related to any ongoing abuse of which defendant was the victim (cf. People v Williams, 198 AD3d 466, 466-467 [1st Dept 2021], lv denied 37 NY3d 1165 [2022]; compare People v Liz L., 221 AD3d 1288, 1290-1291 [3d Dept 2023]). To the contrary, the presentence report that defendant put forth and now takes issue with depicts him as the perpetrator of the abuse.
Inasmuch as defendant contends that County Court improperly based its conclusion on unreliable hearsay, we note that the Legislature expressly required courts to review these types of hearsay-containing documents when considering an application for resentencing by a defendant alleging to be a victim of domestic violence (see CPL 440.47 [2] [c]). Additionally, despite such hearsay, courts have deemed these types of documents reliable in similar contexts (see generally People v Pidel, 195 AD3d 1321, 1322 [3d Dept 2021], lv denied 37 NY3d 915 [2021]; People v Russell, 155 AD3d 1432, 1433 [3d Dept 2017], lv denied 30 NY3d 1119 [2018]). Thus, County Court cannot be faulted for relying upon the evidence the Legislature intended and defendant put forth. As defendant's submissions do not corroborate his assertion that he was a victim of domestic violence subjected to substantial physical abuse, he has failed to meet his burden and County Court did not err in denying his application without a hearing (see CPL 440.47 [2] [c]; Penal Law § 60.12 [1] [a]; People v Fisher, 221 AD3d 1195, 1197-1198 [3d Dept 2023]; People v Williams, 198 AD3d at 467; compare People v Coles, 202 AD3d 706, 707 [2d Dept 2022]; cf. People v Rangel, 195 AD3d 541, 541-542 [1st Dept 2021], lv denied 37 NY3d 1098 [2021]). Defendant's remaining contentions have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, McShan and Mackey, JJ., concur.
Ordered that the order is affirmed.