Matter of Rivera v Vergara (2025 NY Slip Op 05241)

Matter of Rivera v Vergara

2025 NY Slip Op 05241

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-10442
 (Docket No. V-251-19/22A)

[*1]In the Matter of Eduardo Rivera II, appellant,
v
Lori Anne Vergara, respondent.

Eduardo P. Rivera II, named herein as Eduardo Rivera II, Newark, New Jersey, appellant pro se.
Gildin & Chapman, New York, NY (Steven Gildin of counsel), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated September 6, 2023. The order, without a hearing, dismissed the father's petition to enforce an order of the same court dated September 25, 2019, without prejudice.
ORDERED that the order dated September 6, 2023, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of a child born in 2017. In an order dated September 25, 2019 (hereinafter the 2019 order), upon the parties' consent, the Supreme Court awarded custody of the child to the mother and directed that the father would have parental access "as parties can arrange." In February 2022, the father filed a petition to enforce the 2019 order, asserting, inter alia, that the mother was violating the order by failing to provide the father with unsupervised parental access. Prior to its consideration of the petition, the court directed the father, on several court dates, to cooperate with an Administration for Children's Services' court-ordered investigation, including a home inspection. The court further directed the father to pay for supervised parental access. The father failed to comply with either of the court's directives. In an order dated September 6, 2023, the court, without a hearing, dismissed the father's petition without prejudice, due to his failure to comply with the court's directives, and ordered the father to pay for supervised parental access before refiling.
The Supreme Court providently exercised its discretion in dismissing the father's petition to enforce the 2019 order without prejudice to refiling the petition when he was prepared to comply with the court's directives. While parental access determinations are ordinarily "made only after a full and plenary hearing and inquiry" (Matter of Cardona v McNeill, 199 AD3d 1002, 1003 [internal quotation marks omitted]), here, the court did not purport to determine contested factual issues material to the best interest analysis or make a final determination on the merits of the father's petition to enforce the 2019 order (see Matter of Clifford v Daly, 235 AD3d 868, 870; cf. Matter of Guy v Weichel, 173 AD3d 1028; Matter of Williams v Jenkins, 167 AD3d 758). Rather, [*2]the court determined that the father's noncompliance with its directives prevented the matter from proceeding to a best interest hearing (see Matter of Elikwu v Bendter, 214 AD3d 979; Matter of Dysko v Dysko, 213 AD3d 848).
The parties' remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., VOUTSINAS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court