People v Nymeen C. (2026 NY Slip Op 00144)

People v Nymeen C.

2026 NY Slip Op 00144

Decided on January 14, 2026

Appellate Division, Second Department

LaSalle, P.J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-09453 OPINION & ORDER
 (Ind. No. 12564/08)

[*1]The People of the State of New York, respondent,
vNymeen C. (Anonymous), appellant.

APPEAL by the defendant from an order of the Supreme Court (Evelyn J. LaPorte, J.), dated November 14, 2022, and entered in Kings County, which, without a hearing, in effect, denied, without prejudice, her motion pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12.

Patricia Pazner, New York, NY (Alexis A. Ascher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Sawyer White of counsel), for respondent.

LASALLE, P.J.

DECISION & ORDER
In this case, we conclude, contrary to the conclusion of the Appellate Division, Third Department, in People v Melissa OO. (234 AD3d 101), that an order "dismiss[ing]" an application for resentencing pursuant to the Domestic Violence Survivors Justice Act (DVSJA) "without prejudice" pursuant to CPL 440.47(2)(d) is appealable. Accordingly, we deny the People's motion to dismiss the appeal. Nevertheless, we affirm the order appealed from.Factual and Procedural Background:
In 2010, the defendant was convicted of manslaughter in the first degree and sentenced to 20 years of imprisonment, to be followed by 3 years of postrelease supervision. In May 2022, she moved pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with the DVSJA. In an order dated November 14, 2022, the Supreme Court, without a hearing, "dismissed" the motion "without prejudice" based on the defendant's failure to provide corroboration that she was a victim of ongoing domestic violence at the time of the offense (see CPL 440.47[2][d]). The defendant appeals. The People move to dismiss the appeal on the ground that the order appealed from is not appealable. We deny the People's motion to dismiss the appeal but affirm the order appealed from.I. The Order Appealed From is Appealable as of Right:
In 2019, "[t]he Legislature enacted the DVSJA in recognition of the national epidemic of domestic violence and the failure of prior law to allow judges discretion to fully consider the impact of domestic violence in making sentencing determinations. The Act expanded judicial discretion at both the initial sentencing stage and through retroactive relief mechanisms. As amended, Penal Law § 60.12 now permits courts to sentence defendants to an alternative, less severe sentence if the defendant was a victim of domestic violence and convicted of certain eligible offenses" (People v Brenda WW., _____ NY3d _____, _____, 2025 NY Slip Op 03643, *1 [citation [*2]and internal quotation marks omitted]).
The court may impose such an alternative, less severe sentence "upon a determination following a hearing that (a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant as such term is defined in [CPL 530.11(1)]; (b) such abuse was a significant contributing factor to the defendant's criminal behavior; (c) having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, that a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06, 70.71(2), or 70.71(3)] would be unduly harsh" (Penal Law § 60.12[1]).
"For presently incarcerated persons serving sentences of at least eight years, CPL 440.47(1)(a) allows them to apply for resentencing pursuant to the framework established in Penal Law § 60.12(1)" (People v Brenda WW., _____ NY3d at _____, 2025 NY Slip Op 03643, *1). As a first step, CPL 440.47(1)(a) requires that a defendant "submit . . . a request to apply for resentencing in accordance with [Penal Law § ] 60.12" and "must include in his or her request documentation proving that she or he is confined in an institution operated by the department of corrections and community supervision serving a sentence with a minimum or determinate term of eight years or more for an offense committed prior to the effective date of [the DVSJA] and that she or he is serving such sentence for any offense eligible for an alternative sentence under" Penal Law § 60.12. CPL 440.47(1)(d) provides that "[i]f the court finds that such person has not met the requirements to apply for resentencing in paragraph (a) of subdivision one of this section, the court shall notify such person and dismiss his or her request without prejudice" (emphasis added). However, "[i]f the court finds that such person has met [those requirements], the court shall notify such person that he or she may submit an application for resentencing" (id. § 440.47[1][c]).
As a second step, the defendant must submit an application for resentencing, which application "must include at least two pieces of evidence corroborating the applicant's claim that he or she was, at the time of the offense, a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household" (id. § 440.47[2][c]).
"At least one piece of evidence must be either a court record, pre-sentence report, social services record, hospital record, sworn statement from a witness to the domestic violence, law enforcement record, domestic incident report, or order of protection. Other evidence may include, but shall not be limited to, local and state department of corrections records, a showing based in part on documentation prepared at or near the time of the commission of the offense or the prosecution thereof tending to support the person's claim, or when there is verification of consultation with a licensed medical or mental health care provider, employee of a court acting within the scope of his or her employment, member of the clergy, attorney, social worker, or rape crisis counselor . . . , or other advocate acting on behalf of an agency that assists victims of domestic violence for the purpose of assisting such persons with domestic violence counseling or support" (id.).
Importantly for the purposes of this appeal, CPL 440.47(2)(d) provides that "[i]f the court finds that the applicant has not complied with the provisions of paragraph (c) of this subdivision, the court shall dismiss the application without prejudice" (emphasis added).
However, as a third step, "[i]f the court finds that the applicant has complied with the provisions of paragraph (c) of this subdivision, the court shall conduct a hearing to aid in making its determination of whether the applicant should be resentenced in accordance with [Penal Law § 60.12]. At such hearing the court shall determine any controverted issue of fact relevant to the issue of sentencing" (CPL 440.47[2][e]). "If the court determines that the applicant should not be resentenced in accordance with [Penal Law § 60.12], the court shall inform such applicant of its decision and shall enter an order to that effect" (CPL 440.47[2][f]).
CPL 440.47(3) provides that "[a]n appeal may be taken as of right in accordance with the applicable provisions of this chapter: (a) from an order denying resentencing; or (b) from a new sentence imposed under this provision."
Here, the People contend that the order appealed from is not appealable because it is not an order "denying resentencing" (id. § 440.47[3][a]) but, rather, an order "dismissing" a resentencing application without prejudice pursuant to CPL 440.47(2)(d) based on the defendant's failure to comply with CPL 440.47(2)(c) at step two by including "at least two pieces of evidence corroborating the applicant's claim that he or she was, at the time of the offense, a victim of [*3]domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household." After the parties' briefs were filed, the Third Department issued an opinion and order concluding that such a "dismissal without prejudice" is not appealable either as of right or by permission (see People v Melissa OO., 234 AD3d 101).
"'It is a fundamental precept of the jurisdiction of our appellate courts that [n]o appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute'" (People v Flores, 30 NY3d 229, 236 [internal quotation marks omitted], quoting Matter of 381 Search Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 29 NY3d 231, 242).
Respectfully, we disagree with the Third Department and conclude that under the plain language of CPL 440.47(3)(a), an order "dismissing" a resentencing application at step two pursuant to CPL 440.47(2)(d) is an order "denying resentencing" (id. § 440.47[3][a]), rendering it appealable as of right pursuant to CPL 440.47(3)(a). This is because the effect of an order "dismissing" a resentencing application is that the defendant has been denied resentencing. We conclude that the fact that the statute uses the word "dismiss" in CPL 440.47(2)(d) (when indicating what the court shall do with an application for resentencing that does not contain evidence corroborating the defendant's claim that he or she was a victim of domestic violence at the time of the offense) and "denying" in CPL 440.47(3)(a) (when indicating what orders an appeal may be taken from) does not mean that the Legislature did not intend for a defendant to be able to appeal from an order determining that a defendant has failed to provide evidence at step two corroborating the defendant's claim that he or she was a victim of domestic violence at the time of the offense. Notably, the statute never uses the word "deny" when stating what a court shall do with a resentencing application. In situations where the defendant is not eligible for resentencing because he or she is not serving a sentence of imprisonment of eight years or more for a crime committed prior to the effective date of the DVSJA that is eligible for an alternative sentence under the DVSJA, the statute similarly states that the court shall, at step one, "dismiss his or her request without prejudice" (id. § 440.47[1][d]). And in situations where a defendant is eligible for resentencing and has submitted sufficient corroborating evidence and a hearing is held at step three, the statute provides that after the hearing, "[i]f the court determines that the applicant should not be resentenced in accordance with [Penal Law § 60.12], the court shall inform such applicant of its decision and shall enter an order to that effect" (CPL 440.47[2][f]).
Further, the fact that CPL 440.47(2)(d) states that when a court determines at step two that a defendant has failed to provide evidence corroborating the defendant's claim that he or she was a victim of domestic violence at the time of the offense, the dismissal of the application for resentencing shall be "without prejudice," does not mean that an order to this effect is not appealable pursuant to CPL 440.47(3)(a). A denial "without prejudice" is still a denial (see e.g. Matter of Rivera v Vergara, _____ AD3d _____, 2025 NY Slip Op 05241 [deciding an appeal by a petitioner from an order dismissing a petition without prejudice]; Matter of Williams v Panzarino, 226 AD3d 916, 919 [deciding an appeal by the petitioner from an order dismissing certain petitions without prejudice]).
If this Court were to conclude that a dismissal without prejudice is not appealable, then a defendant would never be able to obtain appellate review of a court's determination, at step one, that a defendant is ineligible for resentencing pursuant to CPL 440.47(1)(a) on the ground that the offense itself is ineligible for resentencing or the defendant was not serving a sentence of at least eight years (see id. § CPL 440.47[1][d]; People v Mimms, 239 AD3d 891, 892 [determining that the County Court properly denied the defendant's motion pursuant to CPL 440.47 for resentencing on the ground that he was ineligible to apply for resentencing as none of the sentences that the defendant was serving for any of his individual offenses was for a term of imprisonment of eight years or more])[FN1]. A defendant would also never be able to obtain appellate review if a court were to [*4]determinate, at step two, that even accepting the truth of the defendant's allegations, he or she was not eligible for resentencing because all of the abuse had happened in the distant past (see People v Melissa OO., 234 AD3d at 106 n 5 ["We are mindful that the failure to provide for the statutory right to appeal from an order dismissing a defendant's DVSJA resentencing application without prejudice could insulate from appellate review certain trial court determinations where a defendant has exhausted his or her potential universe of evidentiary submissions"]). Since the Legislature clearly intended for there to be a right to appeal from the denial of resentencing applications (see CPL 440.47[3][a]), the Legislature could not have intended to insulate these determinations from appellate review.
Finally, although the appealability issue was not raised in these cases, we note that in situations where a court has issued an order denying a resentencing application without a hearing for failure to comply with CPL 440.47(2)(c) based on the court's conclusion that the defendant failed to offer sufficient corroborating evidence, this Court has decided appeals from those orders on the merits instead of dismissing them on the ground that the order is not appealable (see People v Martinez, 234 AD3d 874, 875-876 [because the defendant's evidence failed to establish that, at the time of the offense, he was a victim of domestic violence, the defendant failed to meet his burden under CPL 440.47(2)(c), and the court properly denied the defendant's motion without a hearing; however, this Court modified the order to specify that the motion was denied "without prejudice" pursuant to CPL 440.47(2)(d)]; People v White, 226 AD3d 1054, 1055-1056 [concluding that the evidence submitted by the defendant failed to corroborate the defendant's allegations that, at the time of the offense, he was a victim of domestic violence subjected to sexual abuse; since the defendant failed to meet his burden pursuant to CPL 440.47(2)(c), the Supreme Court properly denied the
defendant's motion without a hearing, "but the motion should have been denied without prejudice" pursuant to CPL 440.47(2)(d)]; People v Coles, 202 AD3d 706, 707 [reversing the Supreme Court's order and remitting the matter for a hearing because the evidence submitted by the defendant corroborated her allegations that she was subjected to domestic violence by the codefendant at the time of the offense and that the defendant and the codefendant were members of the same family or household]).
Accordingly, we deny the People's motion to dismiss the appeal.II. The Order Should Be Affirmed:
Nevertheless, we affirm the order appealed from, because the defendant failed to submit any evidence "corroborating [her] claim that . . . she was, at the time of the offense, a victim of domestic violence subject to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household" (CPL 440.47[2][c] [emphasis added]; see id. § 440.47[2][d]; Penal Law § 60.12[1][a]). While the defendant presented evidence that she was abused as a child and by her husband until she left him in 2004, she presented no evidence corroborating her claim that she was subjected to abuse in 2008, when the crime was committed (see People v Martinez, 234 AD3d at 875; People v Rivera, 230 AD3d 517, 519; People v White, 226 AD3d at 1055; People v Williams, 198 AD3d 466, 466-467).
Accordingly, the order is affirmed.
ORDERED that the order is affirmed.
FORD, VOUTSINAS and MCCORMACK, JJ., concur.

2022-09453 ON MOTION
The People, etc., respondent,
v Nymeen C. (Anonymous), appellant.
(Ind. No. 12564/08)

Appeal from an order of the Supreme Court, Kings County, dated November 14, 2022, issued pursuant to CPL 440.47. Motion by the respondent to dismiss the appeal, in effect, on the ground that no appeal lies from an order dismissing without prejudice a motion for resentencing [*5]pursuant to CPL 440.47. By decision and order on motion dated April 19, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: It would be absurd for the Legislature to allow a defendant to appeal from an order, at step three, determining after a hearing upon consideration of the relevant factors that a resentence is not appropriate, while not allowing a defendant to appeal when the court incorrectly determines, at step one, that the defendant is ineligible to apply for resentencing. Yet that would be the result if this Court were to determine that a "dismissal without prejudice" is not appealable (see CPL 440.47[1][d]).