People v Latouche

2026 NY Slip Op 02420

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Valery Latouche, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2025-01047, (Ind. No. 70001/05)

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

Carl J. Landicino

Elena Goldberg Velazquez, JJ.

Warren S. Hecht, Forest Hills, NY, for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated December 10, 2024, which denied, without a hearing, his motion pursuant to CPL 440.47 to vacate his sentences and to be resentenced in accordance with Penal Law § 60.12.

ORDERED that the order is modified, on the law and in the exercise of discretion, by adding a provision thereto providing that the denial of the defendant's motion pursuant to CPL 440.47 to vacate his sentences and to be resentenced in accordance with Penal Law § 60.12 is without prejudice; as so modified, the order is affirmed.

On January 19, 2005, the defendant, then 19 years old and displaying a loaded pistol, committed an attempted robbery of a woman at a library parking lot, and a subsequent robbery of a taxicab driver, with an accomplice. The following day, the defendant and two accomplices committed another robbery of a taxicab driver, during the course of which the driver was shot and killed. The defendant was convicted of murder in the second degree, robbery in the first degree, robbery in the second degree, two counts of attempted robbery in the first degree, two counts of attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and was sentenced on those convictions. On appeal, this Court affirmed the judgment of conviction (see People v Latouche, 61 AD3d 702).

In 2024, the defendant moved pursuant to CPL 440.47 to vacate his sentences and to be resentenced in accordance with Penal Law § 60.12. The County Court denied the defendant's motion without a hearing, determining that the defendant failed to submit evidence corroborating that he was subject to abuse at the time of the offenses or that the abuse was substantial. The defendant appeals.

The Domestic Violence Survivors Justice Act (DVSJA) "permits courts to sentence defendants to an alternative, less severe sentence if the defendant was a victim of domestic violence and convicted of certain eligible offenses" (People v Brenda WW., 44 NY3d 594, 598; see Penal Law § 60.12). The DVSJA sets forth a three-prong test for entitlement to resentencing: "(a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial [*2]physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant . . . ; (b) such abuse was a significant contributing factor to the defendant's criminal behavior; (c) having regard for the nature and circumstances of the crime and the history, character[,] and condition of the defendant, that a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06, 70.71(2) or (3)] would be unduly harsh" (Penal Law § 60.12[1]; see People v Brenda WW., 44 NY3d at 598).

Provided that certain threshold eligibility requirements are met, pertaining to the length of incarceration and the type of offense, among other things (see CPL 440.47[1][a]), a defendant may move for resentencing in accordance with the DVSJA (see id. § 440.47[1][c]). Here, the People conceded the eligibility of the defendant's sentences, and thus, the question of whether the threshold eligibility requirements were met is not before this Court. A defendant's motion for resentencing under the DVSJA "must include at least two pieces of evidence corroborating the . . . claim," and "[a]t least one piece of evidence must be either a court record, pre-sentence report, social services record, hospital record, sworn statement from a witness to the domestic violence, law enforcement record, domestic incident report, or order of protection" (id. § 440.47[2][c]; see People v Nymeen C., ___ AD3d ___, ___, 2026 NY Slip Op 00144, *2).

Here, the defendant's evidence in support of his motion included affidavits from his sister and a childhood friend, which offered only vague allegations of abuse, and provided no timeline as to the incidents. The defendant additionally submitted in support of his motion a presentence report that included a vague allegation by the defendant that his stepmother was "abusive." Collectively, this evidence failed to corroborate the defendant's allegations that he was a victim of domestic violence subjected to substantial abuse at the time that he committed the subject offenses (see People v Nymeen C., ___ AD3d at ___, 2026 NY Slip Op 00144, *4; People v White, 226 AD3d 1054, 1055), or that the alleged abuse was a significant contributing factor to the offenses (see People v White, 226 AD3d at 1055).

As the defendant failed to meet his burden pursuant to CPL 440.47(2)(c), the County Court was not required to hold a hearing before denying the motion (see id. § 440.47[2][d]; People v Martinez, 234 AD3d 874, 875-876; People v White, 226 AD3d at 1055).

The parties' remaining contentions are without merit.

Accordingly, the County Court properly denied the defendant's motion. However, CPL 440.47(2)(d) provides that if the court denies the motion on the ground that the defendant failed to meet the burden under subdivision (2)(c), the motion should be denied "without prejudice" (see People v Nymeen C., ___ AD3d at ___, 2026 NY Slip Op 00144, *2). Therefore, we modify the order appealed from to specify that the motion is denied "without prejudice" (CPL 440.47[2][d]; see People v Martinez, 234 AD3d at 876).

IANNACCI, J.P., BRATHWAITE NELSON, LANDICINO and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court